# Exhibit A

## Plaintiff's Complaint

Electronically Filed
3/3/2025 3:46 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Rachel Mariner, Nevada Bar No. 16728
Jason Kuller, Nevada Bar No. 12244
**RAFII & ASSOCIATES, P.C.**
1120 North Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
rachel@rafiilaw.com
jason@rafiilaw.com
*Attorneys for Plaintiff*

CASE NO: A-25-913872-C
Department 16

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

JERMAINE WHITFIELD, on behalf of himself and others similarly situated,

        Plaintiff,

v.

LEVI STRAUSS & CO.; and DOES 1 through 50, inclusive,

        Defendants.

Case No.:
Dept. No.:

**CLASS & COLLECTIVE ACTION**

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Overtime in Violation of NRS 608.018;

2. Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016;

3. Failure to Timely Pay All Wages Due at Termination in Violation of NRS 608.020 et seq.;

**COLLECTIVE ACTION COMPLAINT FOR:**

1) Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. § 207

**LIEN REQUESTED PURSUANT TO NRS 608.050**

**JURY TRIAL DEMANDED**

**ARBITRATION EXEMPTION CLAIMED: CLASS ACTION**

## INTRODUCTION

1.    This is a class and collective action Complaint for unpaid wages and overtime, liquidated damages, attorneys' fees, costs, and interest under the Nevada Revised Statutes ("NRS"), Nevada common law and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

*RAFII & ASSOCIATES, P.C.*
EXCELLENCE | COMMITMENT | RESULTS

2.    All allegations in this Complaint are based on information and belief except for those allegations pertaining specifically to Plaintiff, which are based on Plaintiff's personal knowledge. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PARTIES

3.    At all relevant times, Plaintiff Jermaine Whitfield ("Plaintiff" or "Mr. Whitfield") was a Nevada resident employed by Defendant Levi Strauss & Co. ("Defendant" or "Levi" or "Levi Strauss") as a Warehouse Receiver.

4.    At all relevant times, Defendant Levi Strauss & Co. was a corporation registered in California under Delaware law with a license to do business as a foreign corporation in Nevada (NV19781002948).

5.    The identities of Does 1-80 are unknown at this time, and this Complaint will be amended at such a time when Plaintiff learns of their identities. Plaintiff is informed and believes that each of the Defendants sued herein as "Doe" is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," "Levi Strauss Co.", "Levi", "Levi's" or "Company" herein shall mean "Defendants and each of them."

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction over the claims alleged herein because the amount in controversy exceeds $15,000.

7.    Venue is proper in this Court because, at all relevant times, Plaintiff was and continues to be a resident of Clark County, Defendant employed Plaintiff in Clark County, Defendant did business in Clark County, and the causes of action complained of herein arose in Clark County.

8.    "Class Members" are all current and former hourly workers employed by Defendants in Nevada at any time during the period from March 3, 2023, until the date of judgment ("Class Period"), who work or worked in the Henderson Distribution Center (collectively, "the Rule 23 Class").

9.    "Collective Members" are all current and former hourly workers employed by Defendants at any time during the period from March 3, 2022 until the date of judgment ("Collective

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

Period") who work or worked overtime at the Henderson Distribution Center.

10.     Plaintiff is informed and believes that each of the Defendants sued herein as "Doe" is responsible in some manner for the acts, omissions, or representations alleged in this Complaint, and any reference herein to "Doe," "Does," "Defendant," "Defendants," "Corporate Defendants," "Levi Strauss Defendants," "Levi Strauss" shall mean "Defendants and each of them."

11.     At all relevant times, Defendants were a covered entity and employer for purposes of Mr. Whitfield's claims under the FLSA and Nevada law.

## FACTUAL ALLEGATIONS

12.     Levi Strauss owns and operates the Henderson Distribution Center in Clark County, Nevada. This is a facility that fulfills e-commerce orders for Levis products, ships stock to brick-and-mortar retail shops and ships orders to wholesale channels.

13.     Plaintiff was employed at the Henderson Distribution Center.

14.     Plaintiff and other hourly warehouse workers employed by Levi Strauss have no unique or special skills. They constitute a fungible, disposable labor force who toil under rigid, dehumanizing working conditions.

*Waiting Time*

15.     Levi Strauss implemented, maintained and enforced a uniform time-keeping procedure process at the Henderson Distribution Center.

16.     All workers, including Plaintiff, were required to "swipe in" to begin their working period and "swipe out" at the end of the day with a "security card" provided to them.

17.     There were not and are not, however, sufficient readers for the security cards at the Henderson Distribution Center.

18.     At the beginning of the day or shift, workers had to wait in line for five minutes or more to swipe in.

19.     Workers were and are not compensated for this waiting time.

20.     Workers could avoid the lines by coming fifteen minutes early for their shift, swiping in early and commencing work ("Pre-Shift Time").

21.     Plaintiff and other workers were and are not compensated for this Pre-Shift Time.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

22.    Both the waiting time and the Pre-Shift Time are referred to herein as "Waiting Time".

23.    Because for many pay periods, Plaintiff and other workers worked 40 hours between swiping in and swiping out, the Waiting Time should have been compensated as overtime.

24.    Because for many pay periods, Plaintiff and other workers worked 40 hours per week plus additional overtime, the Waiting Time should have been compensated as overtime.

*Overtime*

25.    Levi Strauss paid out certain bonuses to workers at the Henderson Distribution Center.

26.    One such bonus was tracked in pay slips as "dc aip".

27.    Mr. Whitfield understands this was a bonus for attendance.

28.    Mr. Whitfield received a "dc aip" bonus on February 12, 2023.

29.    Mr. Whitefield subsequently worked overtime in the pay period ending February 19, 2023.

30.    However, the dc aip bonus was not included in the calculation of Mr. Whitfield's regular rate of pay for purposes of calculating the overtime rate.

31.    Mr. Whitfield's employment at the Henderson Distribution Center was terminated by Levi Strauss on March 3, 2023.

*Nevada Class*

32.    Because Mr. Whitfield did not receive properly-calculated overtime and because Mr. Whitfield did not receive compensation for the time he spent waiting to swipe in or the time he spent working after he swiped in early, Mr. Whitfield did not receive all wages due and owing to him at the termination of his employment.

33.    The Waiting Time Class, Overtime Class, the Nevada Class, and the FLSA Collective overlap such that members of the Overtime Class may be members of the Waiting Time Class, and the Nevada Class, and vice versa. Plaintiff is a member of the Waiting Time Class, Overtime Class, and the Nevada Class.

## WAITING TIME, OVERTIME, AND NEVADA CLASS ALLEGATIONS

34.    Plaintiff incorporates and realleges all paragraphs above.

35.    Class treatment of the Waiting Time, Overtime and Nevada Classes is appropriate for

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

the following reasons:

A.  **Numerosity**:  Class Members are so numerous that joinder would be impractical, and the disposition of their claims on a class (rather than individual) basis will conserve resources of the parties and judicial system.  While the number of Class Members is unknown at this time, this information can be readily ascertained from Defendants' business records.  Upon information and belief, Defendants employ, or have employed, over 200 Class Members during the Class Period.

B.  **Commonality**:  Common questions of law and fact exist and predominate as to Plaintiff and Class Members, including, but not limited to:

 i.  Whether Plaintiff and each Class Member was an "employee" within the meaning of Nevada law;

 ii.  Whether each Defendant was an "employer" within the meaning of Nevada law;

 iii.  Whether Defendants failed to pay Plaintiff and Class Members for the time they spent waiting to swipe in or the time they spent working after an early swipe in.

 iv.  Whether Defendants failed to pay Plaintiff and Class Members overtime compensation for each overtime hour worked at one and one-half time their 'regular wage rate';

 v.  Whether Defendants failed to make payment to its former employees of all wages due and owing and therefore owe the Nevada Class the Waiting Time Penalty; and

 vi.  Whether any wage violation by Defendants was willful or reckless.

C.  **Typicality**:  Plaintiff's claims are typical of the claims of Class Members because Plaintiff and Class Members were subject to the same policy and practices of Defendants during the Class Period, and each sustained damages.  Proof of a common or single state of facts will therefore establish the right of a majority of Class Members to recover.

D.  **Adequacy**:  Plaintiff will fairly and adequately represent the interests of Class Members because Plaintiff is himself a Class Members and have the same legal and factual issues as Class Members and have no interests antagonistic to Class Members.  Plaintiff has retained legal counsel competent and experienced in class actions, including labor and employment litigation. Plaintiff and his counsel are aware of their fiduciary responsibilities to Class Members and are

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

E.    ***Superiority***:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each member of the Waiting Time Class, Overtime Class and Nevada Class has been damaged and is entitled to recovery by reason of Defendants' failure to compensate nonexempt workers for Waiting Time and Overtime. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the prosecution of individual lawsuits by each Class Member would present the risk of inconsistent and contradictory judgments, along with the potential for establishing inconsistent standards of conduct for Defendants and other employers.  Consequently, an important public interest will be served by addressing this matter as a class action.

## FLSA COLLECTIVE ALLEGATIONS

36.    Plaintiff incorporates and realleges all paragraphs above.

37.    With regard to conditional certification of the FLSA Collective, Plaintiff is similarly situated to those Collective Members they seek to represent based on the same factors of commonality, typicality, and adequacy enumerated above.

38.    Plaintiff estimates that Defendants employ or have employed hundreds of workers at the Henderson Distribution Facility and thousands of workers at its other facilities across the United States.

39.    The proposed FLSA Collective should be readily ascertainable by examining employment records that Defendant is required to maintain by law, including hiring documents, work reports, time records, payroll records, tax records, and company policies and directives.

40.    For purposes of providing notice to the FLSA Collective, the names, addresses, email addresses, and phone numbers of putative FLSA Collective Members should be readily available from Defendant.

41.    Timely notice of the pendency of this collective action ("Notice") along with a consent to join form ("Consent Form") – subject to Court approval – can be provided to FLSA Collective

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Members by mail or email, as well as by posting and distributing copies of the Notice and Consent Form at Levi Strauss & Co.'s facilities and stores.

42.     Plaintiff estimates that more than two hundred (200) putative FLSA Collective Members will sign and file Consent Forms to join this FLSA collective action.

43.     Plaintiff and Collective Members are entitled to damages in the amount of their respective unpaid wages, including minimum wages, unpaid overtime compensation, and liquidated damages as provided by the FLSA.  (*See* 29 U.S.C. § 206, 207(a), 216(b).)

44.     Plaintiff hereby consents to sue for violations of the FLSA and become a member of the FLSA Collective.  (*See* 29 U.S.C. §§ 216(b), 256.)   Plaintiff's consent to sue is attached hereto as **Exhibit A**.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016**</u>
**(On Behalf of Plaintiff and the Waiting Time Class)**

45.     Plaintiff incorporates and realleges all paragraphs above.

46.     NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works."

47.     Hours worked means any time the employer exercises "control or custody" over an employee. See NRS 608.011 (defining an employer" as "every person having control or custody of any employment, place of employment or any employee.").

48.     Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." N.A.C. 608.115(1).

49.     Levi Strauss failed to pay Plaintiff and Class Members for waiting in line to swipe in and start their shift (Waiting Time) This violated N.R.S. 608.016, which requires payment for each and every hour worked.

50.     Levi Strauss failed to pay Plaintiff and Class Members for time spent working after early "swipe-in" to avoid the "swipe-in" line (Pre-Swipe Time). This violated NRS 608.016, which requires payment for each and every hour worked.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

51.    Wherefore Plaintiff and Class Members demand payment by Levi Strauss at their regular hourly rate of pay for each and every hour worked during the Class Period, together with attorney's fees, costs and interest as provided by law.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime in Violation of NRS 608.018
**(On Behalf of Plaintiff and the Overtime Class)**

52.    Plaintiff incorporates and reallege all paragraphs above.

53.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

54.    NRS 608.018(2) provides that "An employer shall pay 1 ½ times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 ½ times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled workweek."

55.    The regular rate of pay for Plaintiff and Class Members should be based on all compensation and remuneration received by Plaintiff and Class Members within a given pay period, including Bonus Pay.

56.    Here, Plaintiff and Class Members worked over 40 hours per workweek or daily overtime without being paid overtime at the correct overtime rate.

57.    Wherefore, Plaintiff and Class Members demand payment by Defendants at one and one-half times their "regular rate" of pay for all hours worked in excess of 40 hours a workweek during the Class Period, together with attorney's fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION
### Failure to Timely Pay All Wages Due at Termination in Violation of NRS 608.020, 608.018, 608.040 and 608.050
**(On Behalf of Plaintiff and the Nevada Class)**

58.    Plaintiff incorporates and reallege all paragraphs above.

59.    NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

60.    NRS 608.030 similarly provides that an employee who resigns or quits must be paid within seven days or on the next regular payroll date, whichever earlier occurs.

61.    NRS 608.040(1) states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or…[o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30 days, whichever is less."

62.    NRS 608.050 grants a "lien" to every employee separated from employment for the purpose of collecting any wages or compensation due and owing, including up to 30 additional days of compensation "without rendering any service therefor."

63.    Here, by failing to compensate Plaintiff and Class Members separated from employment for all overtime hours worked as hereinabove provided, Defendants have failed to timely remit all wages due and owing to Plaintiff and those Class Members.

64.    Wherefore, Plaintiff and Class Members separated from Defendants' employment demand 30 days of wages and an "employee lien" pursuant to NRS 608.040 and NRS 608.050, together with attorney's fees, costs, and interest as provided by law.  Plaintiff and Class Members also claim a private cause of action to foreclose a lien against Defendants, if necessary, to collect wages due pursuant to NRS 608.050.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C § 207**
**(On Behalf of Plaintiff and the FLSA Collective)**

65.    Plaintiff incorporates and realleges all paragraphs above.

66.    The FLSA provides that "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C § 207(a)(1).

67.    Here, at all relevant times, Defendants failed to pay one and one-half times the

applicable regular rate of pay for all hours worked over 40 by Plaintiff and Collective Members in any given workweek.

68.     Defendants' failure to pay overtime to Plaintiff and Collective Members has been a willful violation of the FLSA.  Defendants knew or should have known that their payroll policies and practices were unlawful.

69.     Wherefore, Plaintiff and Collective Members demand payment by Defendants at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours a week during the FLSA Period, plus an additional equal amount as liquidated damages, together with attorney's fees, costs, and interest as provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of Class and Collective Members and all others similarly situated, prays for relief as follows:

1.     For an order certifying this action as a class action under NRCP 23 on behalf of the Waiting Time Class, Overtime Class and the Nevada Class;

2.     For an order conditionally certifying this action as a collective action under the FLSA on behalf of the Collective Class;

3.     For an order appointing Plaintiff as representatives and his counsel as class counsel for the Waiting Time Class, Vacation Time Class, Nevada Class, and the FLSA Collective;

4.     For damages according to proof of the regular rate of pay under the applicable state or federal law for all hours worked;

5.     For damages according to proof of overtime compensation at one and one-half the regular rate of pay under applicable state or federal law for all hours worked over 40 in a week;

6.     For liquidated damages pursuant to 29 U.S.C. § 216(b);

7.     For 30 days of wages pursuant to NRS 608.040 and 608.050;

8.     For interest as provided by law at the maximum legal rate;

9.      For reasonable attorneys' fees authorized by statute, common law, or equity;

10

**COMPLAINT**

RAFII & ASSOCIATES, P. C.
EXCELLENCE | COMMITMENT | RESULTS

10.     For costs of suit incurred herein;

11.     For pre-judgment and post-judgment interest at the maximum legal rate;

12.     For exemption from the Nevada Arbitration Rules pursuant to NAR 3 and 5; and

13.     For such other relief as the Court may deem just and proper.

DATED: March 3, 2025                    **RAFII & ASSOCIATES, P.C.**


                                        */s/* Rachel Mariner_____
                                        Rachel Mariner
                                        *Attorneys for Plaintiffs*

# EXHIBIT A

# EXHIBIT A

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

Print Name:  Jermaine Whitfield

1. I hereby consent to be a party plaintiff in a collective action lawsuit against **LEVI STRAUSS & CO.** and/or any other named defendants ("Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. I understand this lawsuit seeks to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief available pursuant to the FLSA.

3. I designate the law firm of RAFII & ASSOCIATES, P.C., and any other attorneys with whom they may associate, as my attorneys in this lawsuit to prosecute my FLSA and related claims.

4. I understand I have the right to pursue my claims individually on my own behalf. I agree to serve as the Class Representative if the Court so approves.  If someone else serves as Class Representative, then I designate such Class Representative(s) as my agents to make decisions on my behalf concerning the litigation and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at RAFII & ASSOCIATES, P.C., to use this consent to file my claims in a separate lawsuit, class/collective action, or arbitration against Defendants.

Signature: _____    Date: ___3/3/2025_____