**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jermaine Whitfield,<br><br>    Plaintiff,<br><br>v.<br><br>Levi Strauss & Co.,<br><br>    Defendant. | Case No. 2:25-cv-01205-CDS-NJK<br><br>**Order**<br><br>[Docket No. 33] |

Pending before the Court is the parties' stipulation to extend the deadline to disclose initial expert witnesses.  Docket No. 33.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).  The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The parties have completed no affirmative discovery to date; therefore, the parties have not made a sufficient showing of diligence. *See id.* at 1 ("Parties have made initial disclosures and are awaiting the Court's decision on Plaintiff's Motion to Transfer Case"). Further, the parties cannot self-impose a stay of discovery in this matter. *See also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). Finally, the parties' request would make the initial expert deadline occur after the rebuttal expert deadline, which makes no sense.

Accordingly, the instant stipulation is **DENIED** without prejudice. Docket No. 33.

IT IS SO ORDERED.

Dated: January 15, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).