# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Jermaine Whitfield, on behalf of himself and others similarly situated,

Plaintiff

v.

Levi Strauss & Co., et al.,

Defendants

Case No. 2:25-cv-01205-CDS-NJK

**Order Granting the Plaintiff's Motion to Transfer and Motion for Extension of Time, and Denying the Defendants' Motions to Dismiss**

[ECF Nos. 4, 22, 24, 32]

This is a Fair Labor Standards Act (FLSA) class and collective action[1] brought by plaintiff Jermaine Whitfield on behalf of himself and others similarly situated against defendant Levi Strauss & Co., and unnamed Doe Defendants. *See* First am. compl. (FAC), ECF No. 31. There are several outstanding motions. First, Whitfield moves to extend time to file a FLSA motion for notice of collective action. Mot. to extend, ECF No. 22. Second, Whitfield moves to amend the complaint, and as a result thereof, to change or transfer venue to the Northern District of California. Mot. to amend., ECF No. 24. Finally, Levi Strauss moves to dismiss the FAC. Mot. to dismiss, ECF No. 32. All motions are fully briefed.[2] For the reasons herein, I grant Whitfield's motion to transfer and motion to extend time, and I deny Levi Strauss's motion to dismiss the FAC without prejudice.

## I.    Background[3]

The defendant, Levi Strauss, owns and operated distribution centers in several locations in the United States, including centers in Henderson, Nevada; Gluckstadt, Mississippi; Erlanger, Kentucky; and Hebron, Kentucky. ECF No. 31 at 4–5, ¶¶ 17–20. The Mississippi and Kentucky

---

[1] The FAC sets forth three purported classes and one "national" FLSA collective. *See* ECF No. 31.
[2] Resp. to mot. to extend, ECF No. 26; Resp. to venue mot., ECF No. 27; Reply to mot. to extend, ECF No. 29; Reply to venue mot., ECF No. 28.
[3] Citations to the complaint are to provide context to this action and do not serve as a finding of fact.

locations closed between late 2024 and 2025; however, when they were operational, they "functioned similarly" to the Henderson location. *Id.* Whitfield is a former employee of Levi Strauss's Henderson distribution center.[4] ECF No. 31 at 4, ¶ 21. Levi Strauss "implemented, maintained and enforced a uniform time-keeping procedure . . . at the Henderson Distribution Center," requiring all workers to "'swipe in' to begin their work[] period and [to] 'swipe out' at the end of the day with a 'security card.'" *Id.* at ¶¶ 24–25. However, Levi Strauss did not install sufficient security card readers for the new time-keeping procedures. *Id.* at ¶ 26. As a result, workers waited in line for five minutes or more to swipe in or out. *Id.* at ¶ 27. The workers were not paid for this "wait time." *Id.* at ¶ 28. To avoid the lines, workers would arrive 15 minutes early for their shift, but they were not compensated for this "pre-shift" time. *Id.* at ¶¶ 29–30. The "wait time" resulted in workers like Whitfield working more than 40 hours, meaning the workers should have been compensated for overtime. *Id.* at 5, ¶¶ 32–33. But Whitfield and the other plaintiffs were deprived of properly calculated overtime and, as a result, did not receive compensation for their "wait time." *Id.* Whitfield also did not receive all wages due and owing to him when he was terminated. *Id.* at 6, ¶ 43.

## II.    Summary of the arguments

### A.  Motion to transfer

Whitfield moves to change or transfer this action to the Northern District of California under 28 U.S.C. § 1404(a) based on a recent Ninth Circuit decision—*Harrington v. Cracker Barrel Old Country Store, Inc.*—which he argues establishes that Nevada does not have jurisdiction over a nationwide collective action. 142 F.4th 678, 686–87 (9th Cir. 2025). *Id.* at 2. Whitfield asserts that the action could have been brought in the Northern District of California, that transferring the case is convenient for the parties and witness, and that it is in the interest of justice, so his motion should be granted. *Id.* at 4–6.

---

[4] Whitfield was terminated by Levi Strauss on March 3, 2023. ECF No. 31 at 5, ¶ 42.

Levi Strauss opposes the motion to transfer or change venue, Levi Strauss does not dispute that this action could have been initially brought in Northern California. Instead, it argues that: Whitfield's initial choice of Nevada should be given substantial deference and not be displaced, the operative facts are "Nevada centered," and this action should remain here based on witness and legal process convenience. ECF No. 27 at 4–5. Finally, Levi Strauss argues that Whitfield's reliance on *Harrington* is misplaced because that case addressed the issue of personal jurisdiction over defendants, but that decision did not mandate that FLSA and related claims such as those brought require this case be transferred to Northern California. *Id.* at 5–6.

In reply, Whitfield maintains that the interest of justice requires his motion to transfer be granted. ECF No. 28. Whitfield refutes the defendant's interpretation of *Harrington*, noting that another case determined it was error to "assum[e] that the participation of a single plaintiff with a claim arising out of [a defendant's] business in Arizona [is] sufficient to establish personal jurisdiction over [the defendant] for all claims in the collective action," so the Arizona District Court lacked jurisdiction with respect to claims for 496 members of the Non-Arizona Collective. *Id.* at 5 (citing *Vanorden v. ECC Optometry Services*, 2025 WL 2468643 *2 (D. Ariz. Aug. 27, 2025)).

**B. Motion to extend time to file FLSA motion for notice of collective action.**

Whitfield moves for further extension of the deadline to file the FLSA motion for notice of the collective action after his motion to transfer is decided because a decision on those issues will control the definition of the collective to whom notice will be given. *See* ECF No. 22.[5] Levi Strauss opposes the motion, arguing that Whitfield fails to demonstrate good cause for seeking the extension. *See* ECF No. 26.

---

[5] The motion also references Whitfield's previously filed motion to amend (ECF No. 23). That motion has since been granted. *See* ECF No. 30.

III.     Discussion

For judicial economy, the court first resolves the plaintiff's motion to transfer venue.

**A.  Whitfield's motion to transfer is granted (ECF No. 24).**

District courts have the discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). Motions to transfer are governed by 28 U.S.C. § 1404(a), which states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under a § 1404(a) motion to transfer, the plaintiff's choice of forum is "entitled to 'paramount consideration' and the moving party must show that a balancing of interests weighs heavily in favor of transfer." *Galli v. Travelhost, Inc.*, 603 F. Supp. 1260, 1262 (D. Nev. 1985). Hence, "§ 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). The movant must make a strong showing that transfer is appropriate. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2nd 834, 843 (9th Cir. 1986); *Galli*, 603 F. Supp. at 1262.

In determining whether to grant a motion to transfer, the court conducts a two-part analysis. *Malcolm v. Acrylic Tank Mfg. Inc.*, 2019 WL 1923633, at *2 (D. Nev. Apr. 30, 2019) (citing 28 U.S.C. § 1404(a)). First, the court must determine if the action could have been brought in the court to which the transfer is sought. *Id.* Second, it must determine whether transfer is in the convenience of the parties and witnesses, and in the interest of justice. *Id.*

Here, there is no dispute that this action could have been brought in Northern California, so the first factor weighs in favor of granting the transfer motion. Indeed, an action can be commenced in a court that has subject matter jurisdiction, personal jurisdiction, and proper venue. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Subject matter jurisdiction exists where either: (1) a federal question arises on the face of the complaint or (2) if there is diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint pleads a

claim under the FLSA, which arises under federal law. *See* FAC, ECF No. 31. Thus, the Northern District of California has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331. Personal jurisdiction on the other hand "must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). "Aside from either general or specific jurisdiction, 'consent jurisdiction is an independent basis for jurisdiction.'" *First Nat'l Bank v. Estate of Carlson*, 448 F. Supp. 3d 1091, 1105 (D. Mont. 2020).

There is no dispute that Levi Strauss is headquartered in San Francisco, CA. Given that FLSA actions require that "personal jurisdiction . . . be analyzed on an individualized basis rather than at the level of the collective suit" and that "each claim [must] bear a connection to the defendant's contacts with the forum state," *Harrington*, 142 F.4th at 687, transfer to Northern California will fully satisfy personal jurisdiction. *See* 28 U.S.C. § 1391(c) (for venue purposes, a corporate defendant resides in any district in which it is subject to personal jurisdiction.).[6] Because the defendant resides in Northern California and is subject to personal jurisdiction there, this factor weighs heavily in favor of transferring this action to that District.

The other factors that the court considers when resolving a motion to transfer include (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) relative ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) any local interest in the controversy; and (7) the relative court congestion and time to trial in each forum. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1156 (S.D. Cal. 2005). Because the *Harrington* decision makes clear that the court must have personal jurisdiction in FLSA actions, this weighs heavily in favor of granting the plaintiff's motion.

---

[6] The court notes that it is not persuaded by the defendant's argument that plaintiff created the venue/forum problem by seeking to expand the scope of the purported collective and class actions. *See* ECF No. 27 at 6. As the plaintiff points out, it was the defendant who removed this action to federal court. ECF No. 28 at 4.

The second and third factors—convenience of the parties and witnesses—neither favor nor disfavors transferring this action. While the transfer would be significantly more convenient for Levi Strauss, that convenience is balanced out by the need for potential witnesses and parties to have to travel to San Francisco from Kentucky, Mississippi, and Nevada. If the case remained in Nevada, then the parties and witnesses would still be required to travel. Further, the court cannot foresee any real difference in the cost of litigation if the action is transferred to Northern California. Federal courts can compel a witness to testify "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." *Dooley v. Nev. Gold Mines*, 2022 WL 867265, at *3 (D. Nev. Mar. 23, 2022) (quoting Fed. R. Civ. P. 45(c)(1)(B)). The action involves a plaintiff and witnesses from Nevada, and other potential plaintiffs and witnesses from Kentucky and Mississippi. If employees or supervisors from the distribution centers are deposed or needed for travel, it's likely they will reside outside of Nevada or California, thus necessitating travel regardless. As a result, any difference in convenience for the parties and litigation costs if this case is heard in California versus Nevada is negligible.

The next factor is the relative ease of access to the evidence. Levi Strauss contends this factor is "neutral." ECF No. 27 at 6. Without explanation, Whitfield contends the ease of access to evidence favors transfer. ECF No. 24 at 6. I agree with Levi Straus—this factor is neutral.

As to the fifth factor, familiarity of each forum with the applicable law, two of Whitfield's claims are brought under federal law, and two arise under Nevada law. *See* ECF No. 31 at 8–11. This even split results in this factor being neutral. And the sixth factor—any local interest in the controversy—is likewise neutral. Given Levi Strauss's national presence, interest in this litigation is likely similar no matter where the case is heard.

Finally, the court considers the relative court congestion and time to trial in each forum. As a more populous area, court congestion and time to trial in Northern California is likely greater than in Nevada, so this factor weighs slightly against transfer.

On balance, the factors weigh in favor of transferring this action. It could have been brought in the Northern District of California. Importantly, transferring the case eliminates any personal jurisdiction issues, so this factor weighs heavily in favor of transfer. Given the remaining factors are neutral, or only slightly weigh against transfer, I grant Whitfield's motion to transfer.

**B.   Whitfield's motion for extension of time to file notice of the FLSA collective is granted (ECF No. 22).**

The transfer of this case to the Northern District of California impacts the form and substance of the notice. Accordingly, Whitfield's motion is to extend time is granted. Whitfield must promptly file a motion regarding notice of the FLSA collective action in the new district, in accordance with that district's rules.

**C.   Levi Strauss's motion to dismiss is denied without prejudice (ECF No. 32).**

Because this action is being transferred to the Northern District of California, the defendant's motion to dismiss is denied without prejudice to be refiled for consideration in that district.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 4] is DENIED as moot**.

IT IS FURTHER ORDERED that the plaintiff's motion to extend time **[ECF No. 22]** and motion to transfer or change venue **[ECF No. 24] are GRANTED.**

IT IS FURTHER ORDERED that the defendant's motion to dismiss the first amended complaint **[ECF No. 32] is denied without prejudice** to move again in the Northern District of California.

The Clerk of Court is kindly instructed to **TRANSFER** this case to the United States District Court for the Northern District of California, San Francisco Division, and to close the case in this district.

Dated: February 9, 2026

_____
Cristina D. Silva
United States District Judge