Anthony L. Martin *(Pro Hac Vice Pending)*
anthony.martin@ogletreedeakins.com
Noel M. Hernandez
CA Bar No. 310521
noel.hernandez@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant Levi Strauss & Co.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JERMAINE WHITFIELD, on behalf of himself and others similarly situated,

Plaintiff,

vs.

LEVI STRAUSS & CO.; and DOES 1 through 50, inclusive,

Defendant.

Case No.: 3:26-CV-01300-AGT

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Filed concurrently herewith [Proposed] Order]

Date: March 20, 2026
Time: 10:00 a.m.
Place: Courtroom A – 15th Floor

Complaint Filed: June 2, 2025
Trial Date: None
District Judge: Hon. Alex G. Tse
Courtroom A – 15th Floor



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JERMAINE WHITFIELD, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 20, 2026, at 10:00 a.m. in Courtroom A, 15th Floor of the above-captioned Court, Defendant LEVI STRAUSS & CO. ("Defendant" or "Levi") responds to Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6).

Levi moves this Court to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Nevada state law claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *see Firestone v. Southern California Gas Co.,* 281 F.3d 801, 802 (9th Cir. 2002). Further, Plaintiff's FAC seeks to expand his Fourth Cause of Action, under the FLSA, to include current and former Levi employees in Kentucky and Mississippi. However, Plaintiff provides no factual basis to support the inclusion of additional distribution centers, where Plaintiff never worked, and that are unrelated to the Henderson Distribution Center.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and any other papers on file herein, and upon such other and further oral and written information as may be presented at or before the hearing on this Motion.

DATED this 23rd day of February, 2026.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*<u>/s/ Noel M. Hernandez</u>*
Anthony L. Martin *(Pro Hac Vice Pending)*
Noel M. Hernandez
CA Bar No. 310521
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135

*Attorneys for Defendant Levi Strauss & Co.*

## TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 6

PROCEDURAL HISTORY ........ 7

LEGAL STANDARD ........ 7

SUMMARY OF FACTUAL ALLEGATIONS ........ 8

LEGAL ARGUMENT ........ 9

A. Plaintiff's Second Cause of Action Fails Because Nevada's Overtime Statute Does Not Apply to Employees Covered by A CBA Which Provides for Overtime ........ 9

B. Application of Plaintiff's First, Second, and Third Causes of Action Are Grounded In And Turn On the Interpretation of the CBA, And Therefore, Must Be Dismissed. ...... 10

C. Plaintiff's Fourth Cause of Action Must Be Dismissed Because The FAC Lacks Any Factual Allegations To Expand the Collective Beyond the Henderson Distribution Center ........ 14

CONCLUSION ........ 19


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

# TABLE OF AUTHORITIES

## CASES

*Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008) ... - 12 -
*Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 914 (9th Cir. 2018) ... - 12 -
*Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985) ... - 11,12 -
*Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-01926-AB (KKX), 2020 WL 6532868, at *3 (C.D. Cal. Oct. 22, 2020) ... - 17 -
*Ashcroft v. Iqbal,* 129. S. Ct. 1937, 1950 (2009) ... - 7 -
*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ... - 14 -
*Associated Gen. Contractors of California, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ... - 15 -
*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) ... - 5,7, 8, 15, 16 -
*Brown v. Lucky Stores, Inc*., 246 F.3d 1182, 1189 (9th Cir. 2001) ... - 15 -
*Burnside v. Kiewitt,* 491 F.3d 1053, 1059 (9th Cir. 2007) ... - 11,12 -
*Colum. Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union,* 23 F.4th 836, 843 (9th Cir. 2022) ... - 12 -
*Coria v. Recology, Inc.,* 63 F. Supp. 3d 1093, 1098–1100 (N.D. Cal. 2014) ... - 12 -
*Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146, 1155 (9th Cir. 2019) ... - 13 -
*Erblich v. Sasaki*, No. 23-CV-01265-LB, 2023 WL 4186007, at *3 (N.D. Cal. June 25, 2023) - 17 -
*Firestone v. S. California Gas Co.,* 281 F.3d 801, 802 (9th Cir. 2002) ... - 6,12,13 -
*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 14-cv-1093-AG (ANx), 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015) ... - 17 -
*Hines v. Anchor Motor Freight, Inc*., 424 U.S. 554, 562 (1976) ... - 11 -
*In re Graphics Processing Units Antitrust Litig*, 2007 WL 2127577, *4 (N.D. Cal. 2007) ... - 15 -
*Jimenez v. Young's Mkt. Co*., LLC, No. 21-CV-02410-EMC, 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021) ... - 14 -
*Johnson v. San Francisco Health Care & Rehab Inc.*, No. 22-cv-01982-JSC, 2022 WL 2789809, at *9 (N.D. Cal. July 15, 2022); ... - 14 -
*Jones v. Sysco Ventura Inc.*, No. 2:21-CV-04116-SVW-AGR, 2021 WL 6104193, at *7 (C.D. Cal. Sept. 1, 2021) ... - 14 -
*Kane v. Matson Navigation Co., Inc.,* 645 F. Supp. 3d 942, 947 (N.D. Cal. 2022) ... - 12 -
*Leiva v. K.W. Emerson, Inc.*, No. 2:25-CV-01956-CSK, 2025 WL 3754128, at *5 (E.D. Cal. Dec. 29, 2025) ... - 13 -
*Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988) ... - 12 -
*Litvinova v. Kaiser Found. Hosps.,* No. 25-CV-06253-SI, 2025 WL 2970252, at *3 (N.D. Cal. Oct. 21, 2025) ... - 12 -
*Mendez v. H.J. Heinz, L.P.*, No. 12-cv-5653-GHK, 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012) ... - 17 -
*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ... - 15 -
*Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 WL 3842984, at *2 (N.D. Cal. Aug. 14, 2008) ... - 12 -
*Newberry v. Pacific Racing Ass 'n.*, 854 F.2d 1142, 1146 (9th Cir. 1988) ... - 11 -
*Stallcop v. Kaiser Found. Hosp.,* 820 F.2d 1044, 1048 (9th Cir. 1987) ... - 13 -
*Swanson v. TR Mission Mgmt. LLC,* No. 25-CV-02994-SI, 2025 WL 1604346, at *2 (N.D. Cal. June 6, 2025) ... - 12 -

*Taylor v. Penske Logistics, LLC*, No. 520CV02623ODWMRWX, 2021 WL 4288525, at *3 (C.D. Cal. Sept. 21, 2021) ... - 17 -
*Tolentino v. Gillig, LLC*, No. 20-cv-07427-MMC, 2021 WL 121193, at *3 (N.D. Cal. Jan. 13, 2021) ... - 14 -
*Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002) ... - 8 -
*Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) ... - 11 -
*Williams v. Securitas Sec. Servs. USA, Inc.,* No. 23-CV-01863-LB, 2023 WL 5310937, at *6 (N.D. Cal. Aug. 16, 2023) ... - 14 -
*Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997-98 (9th Cir. 1987) ... - 13 -
*Zamora v. Penske Truck Leasing Co., L.P.*, No. 220CV02503ODWMRWX, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021) ... - 17 -

**STATUTES**

29 U.S.C. § 185(a) ... - 6,11 -
29 U.S.C. § 207 ... - 6 -
Fed. R. Civ. P. 8(a) ... - 15 -
Fed. R. Civ. P. 12(b)(6) ... - 7 -
NRS 608.016 ... - 6 -
NRS 608.018(1)-(2) ... - 6,9,10 -
NRS 608.020 ... - 6 -
NRS 608.250 ... - 9,10 -

**OTHER AUTHORITIES**

Section 301 of the Labor Management Relations (LMRA) ... - 6,8,11,12,13,14 -

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

## MEMORANDUM OF POINTS AND AUTHORITES

### 1. INTRODUCTION

Plaintiff was a warehouse worker at Levi's Henderson Distribution Center in Nevada. Plaintiff has never worked at any other Levi location, including the Distribution Centers located in Kentucky and Mississippi. As a warehouse worker, he was represented by Workers United and Western States Regional Joint Board Workers United, SEIU Local 711, which is specific to the Henderson Distribution Center. As such, at the times relevant to the allegations in the Complaint, the terms and conditions of his employment were governed by collective bargaining agreements ("CBAs") between Levi and the Union as relevant only to the Henderson Distribution Center. (Request for Judicial Notice, Exhibits A, B.)

Plaintiff's First Amended Complaint ("FAC") contains four causes of action which he has styled as follows: (1) Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016; (2) Failure to Pay Overtime in Violation of NRS 608.018; (3) Failure to Timely Pay All Wages Due at Termination in Violation of NRS 608.020; and (4) Failure to Pay Overtime in Violation of the Fair Labor Standards Act, 29 U.S.C. § 207.[1]

As set forth in more detail below, Plaintiff's First, Second, and Third Causes of Action are limited to employees at the Henderson Distribution Center and should be dismissed because these claims are preempted. Although Plaintiff avoids any mention to the CBAs in his Complaint, his claims are based on rights created by the CBAs. Their resolution depends upon, and would require this Court to interpret, the collective bargaining agreement. Plaintiff's Nevada state law claims are therefore preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *see Firestone v. Southern California Gas Co.,* 281 F.3d 801, 802 (9th Cir. 2002).

Further, Plaintiff's FAC seeks to expand his Fourth Cause of Action, under the FLSA, to include current and former Levi employees in Kentucky and Mississippi. Plaintiff's generic allegations are that the Distribution Centers in Kentucky and Mississippi are "functioned similarly" to the Henderson Distribution Center and therefore employees at the other Distribution Centers are

---

[1] Plaintiff's Causes of Action are listed incorrectly on the caption page of his FAC. Levi lists the Causes of Action in the order they are in throughout the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

also subjective to overtime wages. This is simply not true. This threadbare allegation provides no factual basis to support the inclusion of additional distribution centers, where Plaintiff never worked, and that are unrelated to the Henderson Distribution Center. This allegation requires this Court to *guess* if and how Levi violated the FLSA on a nationwide basis. There are simply no factual allegations to support Plaintiff's cause of action.

On these bases, Levi respectfully requests that this Court grant its Motion to Dismiss.

## 2. PROCEDURAL HISTORY

Plaintiff filed his Complaint on March 3, 2025. (ECF No. 1-2.) On July 3, 2025, Levi timely removed the Complaint to the United States District Court, District of Nevada. (ECF No. 1.) On July 10, 2025, Levi filed its Motion to Dismiss. (ECF No. 4.) On October 15, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint, Motion to Change Venue or Transfer, and Motion to Extend Time to Move for Conditional Certification Pending Amendment and Transfer. (ECF Nos. 22-24.) On December 17, 2025, the Court granted Plaintiff's Motion for Leave to Amend His Complaint, rendering Levi's Motion to Dismiss moot. (ECF No. 30.)

On December 19, 2025, Plaintiff filed his FAC. (ECF No. 31.) On January 2, 2026, Levi filed its Motion to Dismiss Plaintiff's FAC. (ECF No. 32.) On February 9, 2026, the Court granted Plaintiff's Motion to Transfer or Change Venue.[2] (ECF No. 39.) The Court further ordered that Defendant's Motion to Dismiss was denied as moot. (ECF No. 39.) Accordingly, Levi renews its Motion to Dismiss.

## 3. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not satisfy this standard. *Ashcroft v. Iqbal,* 129. S. Ct. 1937, 1950 (2009). "Nor does a complaint suffice if it tenders naked assertion[s]

---

[2] Levi intends to file a Motion for Reconsideration of the Court's order granting Plaintiff's Motion to Transfer, along with a motion to stay the case pending resolution. Out of an abundance of caution, Levi has also files this Motion to dismiss the case in its entirety.

devoid of further factual enhancement." *Id.* Rather, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. In short, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 570. If they fail to do so, the claims should be dismissed.

## 4. SUMMARY OF FACTUAL ALLEGATIONS[3]

Plaintiff was employed by Levi at its Henderson Distribution Center as a warehouse worker. (ECF No. 31, FAC, ¶¶ 13-14.) During his employment, Plaintiff was represented by Workers United ("Workers United Union") and Western States Regional Joint Board Workers United, SEIU Local 711 (the "Henderson DC Union"). (Request for Judicial Notice ("RJN"), Exhibits A and B.) At all times relevant to the Complaint, the terms and conditions of his employment were governed by CBAs. The CBAs contain a variety of provisions which cover the full spectrum of the employment relationship between members of the bargaining unit, such as Plaintiff and Levi. *See id.*

The applicable CBAs govern the manner in which overtime compensation is paid in Henderson, Nevada. (RJN, Exhibit B, Article 5.2 to 5.4, pp. 14-17.)

Further, the CBAs contain a comprehensive dispute resolution procedure for covered bargaining unit employees at the Henderson Distribution Center. (RJN, Exhibit B, Article 6.1 at pp. 19-22.) Disputes generally begin when an employee in the bargaining unit files a "Step 1" request to meet with his or her manager regarding a potential violation of the CBA. (*Id.*) If the dispute is not resolved during the Step 1 process, the Union may then file a formal written grievance which describes the dispute. (*Id.*) The Employer and Union representatives meet to discuss the grievance during a meeting. (*Id.*) If the parties do not resolve the grievances during or

---

[3] Levi disputes the claims and allegations contained in the FAC. For purposes of a motion to dismiss, however, the Court must take Plaintiff's allegations as true. Thus, the summary of facts set forth herein is drawn exclusively from the FAC, with the only additional information set forth in this factual summary related to the attached CBAs. It is well-established that such materials can be considered when a motion is brought pursuant to Section 301 of the LMRA. *See, e.g., Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002).



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

after the meeting, the parties may mutually agree to mediate the grievance. (*Id.*) The Union or Levi may then submit the matter to formal arbitration under the CBA. (RJN, Exhibit B, Article 7 at p. 22.)

Plaintiff's FAC contains four classes which he seeks to represent: (1) the "Overtime Class" which is defined as "all current and former hourly workers employed by Defendant at the Henderson Distribution Center at any time during the period from March 3, 2021 until the date of judgment who were paid overtime at less than 1.5 times the regular rate of pay" (ECF No. 31, FAC, ¶ 5); (2) the "Waiting Time Class," which is defined as all current and former hourly workers employed by Defendant at the Henderson Distribution Center at any time during the period from March 3, 2021 until the date of judgment who were not paid for pre-shift time" (ECF No. 31, FAC, ¶ 6); (3) the "Nevada Class," defined as "all former hourly workers and re-hired workers employed by Defendant at the Henderson Distribution Center at any time during the period from March 3, 2021 until the date of judgment who were not paid all wages due and owing upon termination" (ECF No. 31, FAC, ¶ 7); and (4) the "National Collective Members," defined as "all current and former hourly workers employed by Defendants at any time during the period from March 3, 2021 until the date of judgment who work or worked overtime at Distribution Centers in Kentucky, Mississippi, and the Henderson Distribution Center." (ECF No. 31, FAC, ¶ 9.)

## 5. LEGAL ARGUMENT

### A. Plaintiff's Second Cause of Action Fails Because Nevada's Overtime Statute Does Not Apply to Employees Covered by A CBA Which Provides for Overtime

NRS 608.018(1)-(2) states:

> 1. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works:
>
> (a) More than 40 hours in any scheduled week of work; or
>
> (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

> 2. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

While NRS 608.018 sets forth certain overtime rates that employers must pay, it provides an exception to "[e]mployees covered by collective bargaining agreements which *provide otherwise* for overtime." NRS 608.018(3)(e). A CBA qualifies for the overtime exemption so long as it provides overtime in a different way or manner than NRS 608.018(1)-(2). *Martel v. HG Staffing, LLC*, 138 Nev. 602, 611 (2022).

Here, the Henderson DC Union CBA provided overtime in a different way or manner than NRS 608.018(1)-(2) because it set up an independent overtime scheme. Section 5.2 "Overtime Compensation" states:

> The Company will provide overtime pay for hours worked that exceed the Associates regular scheduled work hours. Regular scheduled work hours can be either: 8 hours for 5 days; 10 hours for 4 days; or 12 hours for 3 days.
>
> - Associates working extended hours in addition to their regular scheduled 8, 10, or 12 hour work day – A rate of one & one-half time their rate of pay will be paid to the Associate.
> - Associates scheduled to work on the 1st day after their regular scheduled work day – A rate of one & one-half time their rate of pay will be paid to the Associate.
> - Associates scheduled to work on the 2nd, 3rd, or 4th day after their regular scheduled work day – A rate of two times their rate of pay will be paid to the Associate.

(RJN, Exhibit B, Section 5.2.) Given that the CBA provided overtime in a different manner, Plaintiff's claims for unpaid overtime cannot be asserted under NRS 608.018 and this claim must be dismissed.

### B. Application of Plaintiff's First, Second, and Third Causes of Action Are Grounded In And Turn On the Interpretation of the CBA, And Therefore, Must Be Dismissed.

Plaintiff's First Cause of Action alleges Levi failed to pay Plaintiff and putative class members for waiting in line to swipe in and start his shift. (ECF No. 31, FAC, ¶¶ 59-60.) Plaintiff's

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

Second Cause of Action alleges that the regular rate of pay for Plaintiff and putative class members should be based on all compensation and remuneration received by Plaintiff within a given pay period, including bonus pay. (*Id.* at ¶¶ 63.) Plaintiff further alleges he and putative class members worked over 40 hours per workweek or daily overtime without being paid overtime at the correct overtime rate. (*Id.* at ¶ 64.) Plaintiff's Third Cause of Action derives from his first two and alleges that by failing to compensate Plaintiff and putative class members for all overtime hours worked, Levi failed to timely remit all wages due and owing to Plaintiff and putative class members. (*Id.* at ¶ 71.)

Section 301 of the LMRA, 29 U.S.C. § 185(a), provides for exclusive jurisdiction of "[s]uits for violation of contracts between an employer and a labor organization" in the federal courts. In 1976, the United States Supreme Court expressly extended the reach of the LMRA to also include "suits by and against individual employees ...." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Longstanding interpretation of Section 301 holds that such suits by individual employees typically "encompass those seeking to vindicate 'uniquely personal' rights of employees such as *wages, hours, overtime pay*, and wrongful discharge." *Id.* (emphasis added).

Any state law claim that requires interpretation of a collective bargaining agreement falls within the purview of Section 301. "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement ... and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass 'n.*, 854 F.2d 1142, 1146 (9th Cir. 1988*); see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction.") Section 301 of the LMRA gives Federal District Courts exclusive jurisdiction over suits for violations of collective bargaining agreements, and to that end, it preempts any state law claim that is "substantially dependent on the terms of an agreement made between parties to a labor contract[.]" *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985); *see also Kirton v. Summit Med. Ctr.,* 982 F. Supp. 1381, 1385 (N.D. Cal. 1997).

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

When deciding whether a claim is preempted under Section 301 of the LMRA, a court must engage in a two-part analysis. *See Burnside v. Kiewitt,* 491 F.3d 1053, 1059 (9th Cir. 2007); *Litvinova v. Kaiser Found. Hosps.,* No. 25-CV-06253-SI, 2025 WL 2970252, at *3 (N.D. Cal. Oct. 21, 2025). First, the court should make "inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and…[the court's] analysis ends there." *Burnside, supra,* 491 F.3d at 1059. Second, even if the right asserted "exists independently of the CBA…[the court] must still consider whether it is nevertheless 'substantially dependent on analysis of a collective bargaining agreement.'" *Id.* (citation omitted). In short, state law claims like Plaintiff's overtime claim are preempted "if the plaintiff['s] claim is either grounded in the provisions of the labor contract *or* requires interpretation of it." *Id.* at 1059; *see also Swanson v. TR Mission Mgmt. LLC,* No. 25-CV-02994-SI, 2025 WL 1604346, at *2 (N.D. Cal. June 6, 2025)*;* *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 914 (9th Cir. 2018) (when a state law claim "arises entirely from or requires construction of a CBA," section 301 preempts the claim); *Kane v. Matson Navigation Co., Inc.,* 645 F. Supp. 3d 942, 947 (N.D. Cal. 2022) (same)*; Coria v. Recology, Inc.,* 63 F. Supp. 3d 1093, 1098–1100 (N.D. Cal. 2014) (denying a motion to remand based on the court's conclusion that the plaintiff's meal period claim and overtime claim were barred by a CBA); *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008); *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 WL 3842984, at *2 (N.D. Cal. Aug. 14, 2008); *Firestone v. S. California Gas Co.,* 281 F.3d 801, 802 (9th Cir. 2002) (state law claims are preempted when interpretation of an existing provision of the CBA "can reasonably be said to be relevant to the resolution of the dispute"); *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988) (Section 301 preempts state law claims based upon obligations created by a collective bargaining agreement).

Moreover, the LMRA guarantees a "federal right to decide who is to resolve contract disputes." *Colum. Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union,* 23 F.4th 836, 843 (9th Cir. 2022) (citing *Allis-Chalmers Corp,* 471 U.S. at 211.) Therefore, when a claim turns in

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

substance on the provisions of the CBA rather than on an independent statutory right, the claim must be directed to the property adjudicator – an arbitrator. *Id.*

In his FAC, Plaintiff makes no reference to the CBAs. However, Courts in this Circuit have consistently rejected such transparent attempts to avoid preemption. Under the well-established "artful pleading" doctrine, a plaintiff may not avoid Section 301 preemption by omitting from the complaint any reference to the applicable CBA or federal labor law. *Stallcop v. Kaiser Found. Hosp.,* 820 F.2d 1044, 1048 (9th Cir. 1987). Instead, the district court must look beyond the face of the complaint to determine whether the plaintiff's claims are either based on rights created by, or require an interpretation of, a CBA. *See id.* at 1048-49 (stating that "if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted"); *see also Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997-98 (9th Cir. 1987) (concluding that the district court "properly looked beyond the face of the complaint to determine" whether plaintiff's claim was preempted under Section 301).

Plaintiff's claims must be dismissed because they require an interpretation of the CBAs. Specifically, the CBAs mandate shift differentials, wage rates, attendance, earned hour, jobs with premiums, annual incentive plans, eligibility, goals and objectives, timing of awards, modification of work assignments, daily workload balancing, job bidding, shift/configuration change, overtime compensation, overtime work allocation, rest periods, lunch periods, pay for hostler, trainer premium, average hourly rate, jury duty pay, training, premium pay, alternating week schedule, ravel time (RJN, Exhibit A, Article 17, Side Letters pp. NA-84-88; Exhibit B, Articles 4, 5, 10, Side Agreements, pp. 32-33, 38, 40.) The very basis of Plaintiff's claims are reliant on the CBAs and the interpretations thereof. *Firestone,* 281 F.3d at 802 (affirming that resolution of plaintiffs' state law wage and hour claim would require interpretation of the agreement and are thus preempted); *see also Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146, 1155 (9th Cir. 2019) ("Because Curtis's right to overtime 'exists solely as a result of the CBA,' his claim that Irwin violated overtime requirements by not paying him for the 12 off-duty hours is preempted under § 301. Thus, his claim fails at step one of the preemption analysis")(internal cites omitted); *see also Leiva*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

*v. K.W. Emerson, Inc.*, No. 2:25-CV-01956-CSK, 2025 WL 3754128, at *5 (E.D. Cal. Dec. 29, 2025) (holding plaintiff's failure to pay overtime claim is preempted by the LMRA); *Williams v. Securitas Sec. Servs. USA, Inc.,* No. 23-CV-01863-LB, 2023 WL 5310937, at *6 (N.D. Cal. Aug. 16, 2023) (dismissal of overtime claim as preempted because the CBA establishes a slightly different pay arrangement from the terms provided in the statute); *Johnson v. San Francisco Health Care & Rehab Inc.*, No. 22-cv-01982-JSC, 2022 WL 2789809, at *9 (N.D. Cal. July 15, 2022); *Jimenez v. Young's Mkt. Co.*, LLC, No. 21-CV-02410-EMC, 2021 WL 5999082, at *11 (N.D. Cal. Dec. 20, 2021) (holding plaintiff's failure to pay overtime claim is preempted by the LMRA); *Tolentino v. Gillig, LLC*, No. 20-cv-07427-MMC, 2021 WL 121193, at *3 (N.D. Cal. Jan. 13, 2021) (same); *Jones v. Sysco Ventura Inc.*, No. 2:21-CV-04116-SVW-AGR, 2021 WL 6104193, at *7 (C.D. Cal. Sept. 1, 2021) (same).

When a plaintiff's claims are preempted by the LMRA, "the terms of the CBA control," including the CBA's dispute resolution provisions. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001). When a plaintiff's claims "are preempted under § 301 and she failed to exhaust her remedies under the CBA, [ ] those claims must be dismissed with prejudice." *Id.* at 1190; *see also Tolentino*, 2021 WL 121193 at *7 (dismissing preempted claims and denying leave to amend when it was undisputed that plaintiff failed to exhaust CBA grievance procedures).

In sum, Plaintiff's Nevada state law claims are inextricably intertwined with the terms and meaning of the CBAs to which he, the class he purports to represent, and Levi, are bound and which cannot be resolved without interpretation of the CBA and, therefore, Plaintiff's claims are preempted and must be dismissed.

### C. Plaintiff's Fourth Cause of Action Must Be Dismissed Because The FAC Lacks Any Factual Allegations To Expand the Collective Beyond the Henderson Distribution Center

The FLSA provides for collective actions, explaining:

> An action ... may be maintained against any employer ... in any Federal or State court ... by any one or more employees for and in behalf [sic] of himself or themselves ***and other employees similarly situated***. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

29 U.S.C.A. § 216(b) (emphasis added).

Under Fed. R. Civ. P. 8(a), plaintiffs are required to set forth allegations in their complaints describing a factual scenario that shows the pleader has a plausible (not merely possible) legal claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Under *Twombly,* a complaint that offers "labels and conclusions, ... a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s]" devoid of "further factual enhancement" will not suffice. *Twombly,* 550 U.S. at 555, 557. **Indeed, application of the *Iqbal/Twombly* standard is especially vital for cases like this one, where the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases."** *Id.* at 559, 560 n.6; *In re Graphics Processing Units Antitrust Litig*, 2007 WL 2127577, *4 (N.D. Cal. 2007) (allowing discovery prior to determining sufficiency of allegations in cases involving burdensome discovery would "defeat one of the rationales of *Twombly*").

In *Iqbal* and *Twombly*, the Supreme Court set forth a two-step process for analyzing the sufficiency of a complaint. First, the court must accept as true all factual allegations, but exclude/ignore "conclusory statements" or "threadbare recitals of the elements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Second, the court must determine if the complaint states a plausible claim on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

"The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Therefore, *Twombly* made clear that it is not proper for a court to assume a plaintiff can prove facts he has not alleged, or that a defendant has violated laws in ways not alleged. *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen.*

*Contractors of California, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). If a plaintiff's allegations do not bring "claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Here, Plaintiff's FLSA allegations are premised on mere speculation, are unjustifiably overbroad, and are not supported by allegations of fact. The FAC defines a "National Collective" consisting of hourly workers at Levi's distribution centers in Kentucky, Mississippi, and Henderson during the alleged FLSA period. (ECF No. 31, FAC, ¶ 9.) But all operative factual allegations that describe any timekeeping mechanics, pre-shift "waiting time," or swipe-in processes are confined to Henderson alone. (*Id.,* ¶¶ 21, 24-43.) Specifically, Plaintiff alleges Henderson required workers to swipe security cards to begin and end shifts, that there were insufficient card readers at Henderson, that workers waited five or more minutes in line at Henderson, and that some arrived early and "swiped in" before shift to avoid lines at Henderson - all without compensation. (*Id.*) He labels this Henderson-only experience as "Waiting Time." (*Id.,* ¶¶ 24-33.)

***There are no allegations in the FAC explaining how the employees at the Henderson Distribution Center are similarly situated to the employees at the Kentucky or Mississippi facility.*** Nowhere does the FAC allege the presence - or absence - of security card readers at any Kentucky or Mississippi facility, nor any lines, delays, or uncompensated pre-shift work at those locations. As to the Kentucky and Mississippi Distribution Centers, the FAC alleges only that Levi operated centers that purportedly functioned like the Henderson facility. (*Id.,* ¶¶ 18-20.) That generic statement does not identify any FLSA-implicating policy at those facilities, much less one that mirrors Henderson's alleged card-reader shortages or pre-shift practices, or even if card-readers or pre-shift practices ever existed at those facilities within the relevant period. A facility's general function (*e.g.*, fulfilling orders) is not the same as a facility's timekeeping, payroll, or overtime practices, and the FAC alleges no facts about the latter for Kentucky or Mississippi. In short, the FAC offers Henderson-specific facts, but no Kentucky or Mississippi facts, inviting the Court to speculate as to what happened elsewhere.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

In *Erblich v. Sasaki*, No. 23-CV-01265-LB, 2023 WL 4186007, at *3 (N.D. Cal. June 25, 2023), this Court dismissed Plaintiff's FLSA overtime claims holding they were too conclusory to plausibly plead claims. Likewise, in *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 14-cv-1093-AG (ANx), 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015), another district court dismissed allegations after finding the plaintiffs' substantive underlying claims were insufficiently pled and noted there were insufficient facts under Rule 8 to indicate those claims were common to the putative class. The court in *Flores* expressed concern that without specific allegations showing the plaintiffs' claims were representative of the putative class, discovery would be tantamount to a fishing expedition; as a result, the putative class allegations were subject to dismissal at the pleading stage. *Id.* Similarly, in *Mendez v. H.J. Heinz, L.P.*, No. 12-cv-5653-GHK, 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012), the court dismissed putative class allegations under Rule 12(b)(6) because the named plaintiff had not shown the defendant's practices of rounding employee time records were implemented on a statewide and nationwide basis during the class period – *i.e.*, the plaintiffs' class allegations were all based on policies that applied to "Factory Employees"; no allegations indicated the policies applied state or nationwide to employees outside that particular factory. *Id. See also Taylor v. Penske Logistics, LLC*, No. 520CV02623ODWMRWX, 2021 WL 4288525, at *3 (C.D. Cal. Sept. 21, 2021) (dismissing class allegations where plaintiff merely alleges what happened to him personally and asks the court to extrapolate and assume, without any additional facts, that the defendant treated other employees in a similar fashion, calling this a "legal disconnect"); *Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-01926-AB (KKX), 2020 WL 6532868, at *3 (C.D. Cal. Oct. 22, 2020) (same); *Zamora v. Penske Truck Leasing Co., L.P.*, No. 220CV02503ODWMRWX, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021) (same).

Similarly here, there are no factual allegations identifying any wage and hour issues at the Kentucky and Mississippi distribution centers, Levi and this Court are left to guess as to the basis of these claims. If Plaintiff's FLSA theory is premised on Henderson's alleged shortage of security card readers, the FAC does not allege the existence, number, location, or adequacy of card readers at any Kentucky or Mississippi facility. The FAC is silent about whether those facilities even used

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

the same card-based timekeeping, whether they experienced lines, whether workers arrived early to avoid lines, or whether any pre-shift time went uncompensated at those sites. Absent such facts, there is no plausible basis to extend a Henderson swipe-in theory to Kentucky and Mississippi.

The FAC likewise fails to allege any facility-wide or multi-state facts concerning overtime rate calculations. Plaintiff claims he personally received certain bonuses at Henderson - labeled "dc aip"- and then provides individualized math for two Henderson pay periods to argue his own overtime was underpaid. (*Id.,* ¶¶ 38-39.) The pleading states that the "dc aip" bonus was not included in calculating his regular rate and references two later "retro pay" entries that he admits require "further examination" to determine their nature and effect. (*Id.*) Beyond these personal and tentative allegations, the FAC only asserts, in conclusory fashion, that Levi "paid workers in the Distribution Center Workforce according to the same formula," without identifying the formula or pleading facts showing that Kentucky or Mississippi employees received the same bonuses, were subject to the same regular-rate methodology, or experienced the same alleged omission of non-discretionary remuneration from their regular rates. There is no allegation of any Kentucky or Mississippi pay stub, bonus line item, plan document, policy language, or exemplar calculation. Given that Plaintiff did not work at any of these other facilities, the absence of underlying facts is not surprising. That is insufficient to plausibly support an expanded FLSA collective based on regular-rate miscalculation.

The FAC's reliance on Henderson-only details, coupled with conclusory language about similarity elsewhere, is insufficient to state a plausible nationwide FLSA claim or to sustain collective allegations directed at facilities for which no concrete overtime or timekeeping facts are pled. At minimum, for a claim to survive, Plaintiff should be required to plead facility-specific facts as to Kentucky and Mississippi - identifying the alleged policies, their mechanisms, how they affected overtime compensation, and representative pay periods - before the Court allows any collective scope beyond the Henderson Distribution Center. In reality, Plaintiff could never include such allegations because his experience was uniquely governed by the Henderson CBA, which was inapplicable at any other work locations of Levi. Notably, Plaintiff has failed to plead with any factual certainty whether the other distribution centers in Kentucky and Mississippi are also subject

to the Henderson Distribution Center's CBA (which they are not) or whether they had their own CBA, or none at all. Accordingly, given the lack of any factual basis for the claims at the out of state facilities, this Court should dismiss Plaintiff's Fourth Cause of Action. *Iqbal, 556 U.S.* at 678-79.

**6. CONCLUSION**

Plaintiff's First, Second, and Third Causes of Action should be dismissed because these claims are preempted by the CBA and Nevada law. Further, Plaintiff's Fourth Cause of Action seeks to transform a Henderson-based wage dispute into a multi-state FLSA collective through conclusory allegations that other facilities "functioned similarly," while offering no factual allegations about card readers, pre-shift lines, timekeeping procedures, regular-rate calculations, or bonuses at Kentucky or Mississippi facilities. Because the basis of the FLSA claim outside Henderson is unclear, unsupported, the Court should dismiss the overbroad collective allegations and confine the case to well-pleaded, Henderson-specific claims unless and until Plaintiff pleads concrete, facility-specific facts for Kentucky and Mississippi.

DATED this 23rd day of February, 2026.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Noel M. Hernandez*
Anthony L. Martin *(Pro Hac Vice Pending)*
Noel M. Hernandez
CA Bar No. 310521
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135

*Attorneys for Defendant Levi Strauss & Co.*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W Charleston Blvd
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP INSERT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing, to the following registrant:

Rachel Mariner
Jason Kuller

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Rachel Mariner
Jason Kuller
Rafii & Associates, P.C.
1120 North Town Center Dr.
Suite 130
Las Vegas, NV 89144

*Attorneys for Plaintiff*

DATED this 23rd day of February, 2026.

*/s/ Vincent M. Risucci*

AN EMPLOYEE OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.