UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JERMAINE WHITFIELD,<br><br>       Plaintiff,<br><br>    v.<br><br>LEVI STRAUSS & CO,<br><br>       Defendant. | Case No.  26-cv-01300-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Plaintiff Jermaine Whitfield brings this putative class and collective action against Defendant Levi Strauss & Co., asserting various wage and hour claims under Nevada state law and the Fair Labor Standards Act ("FLSA").  (Dkt. No. 31.)  Levi Strauss moves to dismiss the operative complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 43.)  For the reasons that follow, the motion is **GRANTED IN PART AND DENIED IN PART**.  This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

***Overtime Claim.***   Whitfield's overtime claim under N.R.S. 608.018 is preempted by section 301 of the Labor Management Relations Act ("LMRA").  The claim is dismissed because Whitfield did not follow the grievance procedures provided in the collective bargaining agreements ("CBAs") governing his employment.  N.R.S. 608.018 expressly provides that it does not apply to "[e]mployees covered by collective bargaining agreements which provide otherwise for overtime."  N.R.S. 608.018(3)(e).  Here, the Henderson Distribution Center CBA requires overtime compensation for certain hours not covered by N.R.S. 608.018, and the CBA

provides for overtime wage rates with different multipliers.[1]  (Dkt. No. 44-2 at 25.)  Because the Henderson CBA provides overtime in a "different way or manner" than N.R.S. 608.018, N.R.S. 608.018 does not apply to Whitfield.  *Martel v. HG Staffing, LLC*, 138 Nev. 602, 611 (2022).  Even if the CBA requires state law to fill in the meaning of its terms (for instance, an employee's "rate of pay"), Whitfield's overtime claim would still be one to enforce his rights under the CBA, not a claim brought under N.R.S. 608.018, which exempts Whitfield from its coverage due to his status as an employee covered by a CBA otherwise providing for overtime.  Accordingly, Whitfield's overtime claim exists "solely as a result of [a] CBA" and is therefore preempted by the LMRA.  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019).

At the hearing on the motion, Whitfield's counsel agreed that the overtime claim must be dismissed if it is preempted by the LMRA given the CBAs' mandatory grievance procedures. (Dkt. No. 44-2 at 30–33.)  Therefore, the motion to dismiss this claim is granted.  At the hearing, Whitfield's counsel indicated that if the claim were to be dismissed, Whitfield would request leave to amend to add allegations that the CBAs' grievance procedures violated the unions' duty to fairly represent him.  Because the record does not establish that such an amendment would be futile, dismissal is with leave to amend.

***Waiting Time Claim.***  Whitfield's waiting time claim under Nevada state law is not preempted by the LMRA.  Levi Strauss argues that the waiting time claim requires interpreting the CBAs, observing that the CBAs contain provisions concerning, among other things, shift differentials, wage rates, attendance, rest periods, and lunch periods.  (Dkt. No. 43 at 13–14.)  But the waiting time claim does not require interpreting the CBAs because there is no "active dispute over the meaning of contract terms."  *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (internal quotation marks omitted).  Despite prompting at the hearing, Levi

---

[1] Levi Strauss's unopposed request (Dkt. No. 44) for judicial notice of the CBAs between (a) Workers United and Levi Strauss and (b) Levi Strauss's Henderson Distribution Center, Workers United, and Western States Regional Joint Board Workers United, SEIU Local 711 is granted. Fed. R. Evid. 201(b); *see also Hernandez v. Sysco Corp.*, No. 16-cv-06723-JSC, 2017 WL 1540652, at *2 (N.D. Cal. Apr. 28, 2017).

Strauss's counsel could not identify any provisions in the CBAs that discuss whether Whitfield and other employees are entitled to payment for time spent waiting to swipe in or, if they came in early to avoid waiting, spent working before their shifts officially started.  The provisions to which Levi Strauss points instead bear on the extent of Whitfield's damages—*i.e.*, the amount of pay to which he is entitled for waiting time—and "the mere need to look to the collective-bargaining agreement for damages computation" is an insufficient basis to find a claim preempted by the LMRA.  *See Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994) (internal quotation marks omitted).  The motion to dismiss this claim is denied.

   ***Failure to Timely Pay All Wages Claim.***  At the hearing on this motion, counsel for Levi Strauss agreed that if Whitfield's waiting time claim survives LMRA preemption, so too does the claim for failure to timely pay all wages due.  Accordingly, the motion to dismiss this claim is denied.

   ***FLSA Claim.***  The operative complaint states an overtime claim under the FLSA on behalf of a national collective.  Levi Strauss argues only that the operative complaint fails to plausibly allege that the timekeeping mechanics and waiting time/swipe-in processes at the Henderson distribution center were also in effect at the distribution centers in Kentucky and Mississippi.  (Dkt. No. 43 at 16–19.)  Accordingly, Levi Strauss argues that the scope of the collective should be limited to the Henderson distribution center.  That challenge is not properly brought as a Rule 12(b)(6) motion to dismiss.  A "12(b)(6) motion must seek to dispose of an entire claim," not a portion of a claim.  *Kan v. Gen. Motors LLC*, No. 23-cv-01731-JLS-RAO, 2023 WL 11197090, at *1 (C.D. Cal. Nov. 7, 2023).  Instead, a challenge to the scope of the FLSA collective is more properly addressed in adjudicating a motion for notice to the collective, where Whitfield would be entitled to provide evidence beyond the allegations of the complaint supporting a common practice extending beyond the Henderson location.  *Cf. Miller v. Nature's Path Foods, Inc.*, No. 23-cv-05711-JST, 2024 WL 4177940, at *9 (N.D. Cal. Sept. 11, 2024) (declining to strike nationwide class allegations because the issue is more properly addressed at class certification).  Accordingly, the motion to dismiss this claim is denied.

*Conclusion.*  For the foregoing reasons, the motion to dismiss Whitfield's overtime claim under Nevada state law is granted, and the motion to dismiss all other claims is denied. Dismissal is with leave to amend, as described above.  If Whitfield wishes to file a Second Amended Complaint correcting the deficiencies identified above, he shall do so by **May 11, 2026**.  If no such amended complaint is filed by that date, the claims that were dismissed in this Order will remain dismissed, and the case will proceed on the surviving claims only.

   **IT IS SO ORDERED.**

Dated: April 20, 2026

RITA F. LIN
United States District Judge