UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAINE WHITFIELD,
Plaintiff,
v.
LEVI STRAUSS & CO,
Defendant.

Case No. 26-cv-01300-RFL (KAW)

**ORDER TERMINATING 6/10/2026 DISCOVERY LETTER**

Re: Dkt. No. 92

On May 27, 2026, Plaintiff filed a unilateral discovery letter. (Dkt. No. 86.) The Court terminated Plaintiff's unilateral discovery letter and ordered the parties to meet and confer and, if necessary, jointly write and file a letter outlining any remaining disputes consistent with the Court's Standing Order. (Dkt. No. 87.)

Accordingly, on June 10, 2026, the parties filed the instant discovery letter. (Dkt. No. 92.) Unfortunately, the discovery letter fails to comply with numerous requirements of the Court's Standing Order. First, the discovery letter is twelve pages and includes approximately fifty pages of exhibits, whereas the Court's Standing Order limits discovery letters to five pages and exhibits to twelve pages. (Judge Westmore Standing Order ¶ 14(b)(i).) Second, the discovery letter concerns both interrogatories and requests for production ("RFPs"), whereas the Court's Standing Order requires "a separate joint letter for each discovery device in dispute (i.e., if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters)." (Judge Westmore Standing Order ¶ 14(b).) Third, the discovery letter fails to use the required format. (*See* Judge Westmore Standing Order ¶ 14(d).) Fourth, the discovery letter was not filed using the correct Civil Events category. (*See* Judge Westmore Standing Order ¶ 14(c).)

These requirements are not mere formalities, but are designed to ensure that the parties

United States District Court
Northern District of California

United States District Court
Northern District of California

adequately meet and confer to ensure that any remaining dispute is ripe, and that any discovery letter clearly sets forth the information necessary to facilitate its resolution. In contrast, the discovery letter here reads almost as an ongoing meet and confer. In one instance, Plaintiff copies and pastes a single paragraph discussing sixteen separate RFPs from the previously terminated unilateral letter, followed by: "Defendant's Response," "Plaintiff's Reply," "Defendant resumes," "Plaintiff's Reply," and "Defendant's Response continues." (Discovery Letter at 3-5.) Further, the Court observes that the discovery letter is lacking in legal authority; for example, although the parties dispute whether discovery should include locations at which Plaintiff did not work, neither party cites any authority in support of their positions.

Accordingly, the Court TERMINATES the discovery letter. The parties are ORDERED to conduct a fulsome meet and confer, in which the parties discuss each discovery request. If the parties are truly unable to agree, the parties shall file a discovery letter (or letters) that fully comply with the Court's Standing Order.

IT IS SO ORDERED.

Dated: June 16, 2026

KANDIS A. WESTMORE
United States Magistrate Judge