Robert Montes Jr., CA Bar No. 159137
Rafii & Associates, P.C.
9100 Wilshire Blvd., Suite 465E
Beverly Hills, California 90212
Telephone: 310.777.7877
Facsimile: 310.777.7855
Email: robert@rafiilaw.com

Rachel Mariner (*admitted Pro Hac Vice*)
Rafii & Associates, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
Email: rachel@rafiilaw.com

*Attorneys for Plaintiffs*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERMAINE WHITFIELD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVI STRAUSS & CO.; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 3:26-cv-01300-RFL<br><br>**JOINT DISCOVERY LETTER IN RELATION TO CERTAIN INTERRGOATORIES PROPOUNDED BY PLAINTIFF**<br><br>**Magistrate Judge Kandis Westmore**<br>**Ronald V. Dellums Federal Building**<br>**1301 Clay Street, Suite 400 S.**<br>**Oakland, CA 94612** |

**COVER PAGE**

**Pursuant to the STANDING ORDER FOR CIVIL CASES BEFORE MAGISTRATE JUDGE KANDIS A. WESTMORE,** Plaintiff's Counsel attests:

1. The parties met and conferred on May 14 and June 2, 2026, and — following this Court's June 16, 2026 order directing them to confer regarding Levi's overdue discovery — again on July 7 and August 11, 2026.
2. The parties are unable to resolve all disputes through this procedure, and Plaintiff seeks intervention through this joint letter.

Respectfully submitted,

**RAFII & ASSOCIATES, P.C.**
By: <u>/s/ *Rachel Mariner*</u>
Rachel Mariner (*admitted Pro Hac Vice*)
Robert Montes Jr.
*Attorneys for Plaintiffs*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

1120 N. TOWN CENTER DR., SUITE 130
LAS VEGAS, NEVADA 89144
TELEPHONE (725) 245-6056
FACSIMILE (725) 220-1802

**Joint Discovery Letter Re: Certain of Plaintiff's First Set of Interrogatories (Nos. 8, 9, 14-15 and 17)**

Dear Judge Westmore:

**Introduction and Relief Sought**

Plaintiff Jermaine Whitfield ("Mr. Whitfield") respectfully requests an order compelling Defendant Levi Strauss & Co. ("Levi") to serve complete, verified answers to Interrogatories Nos. 8, 9;14-15 and 17 within seven days (except as to Interrogatory 9 as set forth below), as to the entire Distribution Center Workforce — the hourly employees at all four Levi distribution centers, not Henderson, Nevada alone. This letter concerns only the interrogatory disputes that Levi concedes were raised in the August 10, 2026 meet and confer. Another letter will therefore follow shortly. Plaintiff has withdrawn his claim for relief as to Interrogatory 16.

**Levi asserts privilege without a log and burden without evidence.**

Levi asserted attorney-client and work-product objections to Nos. 14, 15, and 17, but served no Rule 26(b)(5) privilege log; boilerplate or blanket privilege claims are "presumptively insufficient." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Plaintiff states that Levi responds to the issue of the privilege log by stating it did not have enough time to develop a position in response to the request for a privilege log made in the draft letter provided to them for their input.

**INTERROGATORY 8**

**Identify the person(s) most knowledgeable regarding the payroll software and configurations used to calculate the regular rate of pay for the Distribution Center Workforce in Nevada, Kentucky and Mississippi**

**<u>Levi's Position</u>**

Interrogatory No. 8 asks Levi to identify the person most knowledgeable regarding the "payroll software and configurations used to calculate the regular rate of pay for the Distribution Center Workforce in Nevada, Kentucky, and Mississippi." Levi intends to provide its supplemental response to this Interrogatory concurrently with its other supplemental responses. Levi intends to serve supplemental responses to Interrogatories 8, 9, 14, 15, 16, 17 and 18 by **August 31, 2026**.

**<u>Plaintiff's Position</u>**

Defendant has only answered with regard to the Distribution Center in Nevada while all Distribution Centers in the United States is the proper scope after the Motion for Notice to the

Collective was granted. *See* ECF 101. Notices of Deposition are due by tomorrow, Wednesday 26, 2026 and Plaintiff has no person to notice with regard to the rest of the Distribution Center workforce. Plaintiff seeks an order requiring Levi's to supplement on August 31, 2026.

**INTERROGATORY 9**

**For each member of the Nevada Class who was discharged from employment, state the date of discharge and the date on which all earned and unpaid wages were fully remitted to them.**

**Levi's Position**

This Interrogatory (9) requests data showing the date of discharge and the date all earned and unpaid wages were fully remitted to them for discharged Nevada employees. Levi will provide a supplemental response to this Interrogatory. Levi intends to serve supplemental responses to Interrogatory No. 9 by **September 8, 2026**

**Plaintiff's Position**

Plaintiff concedes that some of this data has been provided on July 22, 2026 but seeks an Order requiring Levi to respond by September 8, 2026 with the wage data required.

___

**INTERROGATORIES NO. 14 & 15**

**State whether you have received any oral or written complaints, grievances, or reports from any PERSON, including members of the DISTRIBUTION CENTER WORKFORCE or any labor Union regarding time spent waiting to "swipe in" or uncompensated "pre shift" time.**

**If your answer to Interrogatory No. 14 is in the affirmative, IDENTIFY the date of each complaint, the identity of the person making the complaint and the substance of your response or any remedial action taken**

**Levi's Position**

These Interrogatories request information as to whether Levi received any oral or written complaints, grievances or reports regarding time spent waiting to "Swipe in" or uncompensated "pre-shift" time. Levi has already provided a supplemental response as to Henderson. Levi is engaging in a reasonable and diligent investigation as to whether any responsive information exists regarding other facilities, and will provide a supplemental response indicating whether any such information exists.

**Plaintiff's Position**

Levi's report that it has provided a 'supplemental report' as to Henderson is confusing to Plaintiff. In the first Magistrate's Letter (ECF 92), Levi stated that it would update its answers to

Interrogatories 14 and 15 by June 30, 2026. It has not done so. On July 22, 2026, Levi's answered with respect to solely the Henderson facility with the answer "no". An evasive or incomplete answer "must be treated as a failure to … answer," and a party may move to compel where the respondent fails to answer an interrogatory under Rule 33. Fed. R. Civ. P. 37(a)(4), (a)(3)(B)(iii). Plaintiff requests an Order requiring Levi's to provide supplemental answers to both interrogatories by August 31, 2026.

---

**INTERROGATORY 17**

**List each affirmative defense, if any, on which you will rely. State all facts upon which you base the denial or affirmative defense.**

**Levi's Position**

Interrogatories 16 and 17 request identification of each part of the Amended Complaint that Levi denies, and each affirmative defense. Levi provided a supplemental response pointing to Levi's answer. Levi does not object to revisiting these Interrogatories in light of ECF 101, but does not anticipate offering a substantively different response.

**Plaintiff's Response:**

As to Interrogatory 17, Levi represented in the First Letter to the Magistrate that it would update its response by June 30, 2026. ECF No. 92 at p. 8 (First Magistrate Letter). Levi has not. Plaintiff seeks an answer to this interrogatory by August 31, 2026. Plaintiffs are entitled to know the theories of defense an FLSA defendant will deploy prior to depositions. *See Donahay v. Palm Beach Tours and Transportation, Inc.,* 242 F.R.D. 685, 688 (S.D. Fla. 2007) ("Plaintiff is entitled before he takes depositions in this [FLSA] case to be informed concerning the Defendants' theory of how the claimed exemptions apply.") Plaintiff has dropped its initial request with regard to Interrogatory 16.

**Relief Requested by Plaintiff**

Mr. Whitfield respectfully requests an order: (1) compelling complete, verified answers to Interrogatories Nos. 8, 9; 14 – 15 and 17 as to the entire Distribution Center Workforce, within seven days or the timelines indicated above (September 8th for Interrogatory 9); (2) barring reliance on Rule 33(d) unless Levi specifies the exact records by Bates number (within a range no greater than five pages) and separately answers any portion not derivable from them; (3) precluding further deferral premised on the now-resolved motions; (4) requiring a Rule 26(b)(5) privilege log for any withheld information within seven days.

Please find attached:

Exhibit A: Excerpts of Interrogatories Nos. 8,9, 14-15 and 17 and Levi's corresponding responses (Levi's Answers to Plaintiff's First Set of Interrogatories, dated March 30, 2026)

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Exhibit B: Levi's supplemental responses (July 22, 2026) to Interrogatories 8 and 14 pp 8-12 (Levi's Supplemental Answers to Plaintiff's First Set of Interrogatories, dated July 22, 2026).

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Respectfully submitted,

DATED: August 25, 2026

**RAFII & ASSOCIATES, P.C.**

By: */s/ Rachel Mariner*
Robert Montes, Jr.
Rachel Mariner (*Pro Hac Vice*)

Attorneys for Plaintiff
JERMAINE WHITFIELD

**SEYFARTH SHAW LLP**

By: */s/ Ryan McCoy*
Ryan McCoy
Petersen D. Walrod
Michael Afar
560 Mission Street, Suite 3100
San Francisco, CA 94105
Attorneys for Defendant
LEVI STRAUSS & CO.

# EXHIBIT A

EXHIBIT A

Exhibit A: Excerpts of Interrogatories Nos. 8,9, 14-15 and 17 and Levi's corresponding responses (Levi's Answers to Plaintiff's First Set of Interrogatories, dated March 30, 2026)

**INTERROGATORY NO. 8:**

IDENTIFY the person(s) most knowledgeable regarding the payroll software and configurations used to calculate the regular rate of pay for the Distribution Center Workforce in Nevada, Kentucky, and Mississippi.

**ANSWER TO INTERROGATORY NO.8:**

Defendant objects to this Interrogatory as vague and ambiguous as to scope and time. To that end, any response shall be limited to the time period relevant to the Named Plaintiff's claims i.e. March 3, 2022 to the present. Defendant objects to this Interrogatory as overbroad to the extent it seeks information regarding payroll software and configurations at all distribution centers, including those in Kentucky and Mississippi, for which Plaintiff has failed to plead any factual basis. Defendant objects to this Interrogatory as premature and overly burdensome as it was propounded before the parties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will supplement this response after the Court rules on the pending dispositive motions, to the extent such information is relevant to claims that survive dismissal.

**INTERROGATORY NO. 9:**

For each member of the Nevada Class who was discharged from employment, state the date of discharge and the date on which all earned and unpaid wages were fully remitted to them.

**ANSWER TO INTERROGATORY NO.9:**

Defendant objects to the scope and time of this Interrogatory as vague and ambiguous; to that end, Defendant's response shall be limited to the time period relevant to the Named Plaintiff's claims i.e. March 3, 2022 to the present. Defendant objects to this Interrogatory as premature, as no class has been certified. Defendant objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case prior to class certification. Defendant objects to this Interrogatory as seeking information implicating Plaintiff's Third Cause of Action (NRS 608.020), which is preempted by Section 301 of the LMRA because resolution requires interpretation of CBA provisions regarding separation and final pay. Defendant objects to this Interrogatory as premature and overly burdensome as it was propounded before the patties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will supplement this response after the Court rules on the pending dispositive motions, to the extent such information is relevant to claims that survive dismissal.

**INTERROGATORY NO. 14:**

State whether YOU have received any oral or written complaints, grievances, or reports from any PERSON, including members of the DISTRIBUTION CENTER WORKFORCE or any labor Union, regarding time spent waiting to "swipe in" or uncompensated "pre-shift" time.

**ANSWER TO INTERROGATORY NO. 14:**

Defendant objects to Plaintiff's definition of "YOU" to the extent it purports to include Defendant's attorneys and anyone acting on behalf of Defendant's attorneys. This aspect of the definition is overbroad, seeks information protected by the attorney-client privilege and the work product doctrine, and improperly attempts to impose discovery obligations regarding communications and activities undertaken in connection with the defense of this litigation. Defendant's attorneys are not parties to this action, and information known to counsel by virtue of the attorney-client relationship is privileged and not subject to discovery. Defendant further objects to this definition as overbroad and unduly burdensome to the extent that the terms "agents" and "representatives" are undefined and could be construed to include any employee, contractor, vendor, or other third party who has ever had any connection to Defendant's business operations, regardless of whether such persons have knowledge relevant to the claims or defenses in this action. This expansive definition would require Defendant to search for and produce information from an indeterminate and potentially unlimited universe of individuals and entities. Defendant further objects to this definition as vague and ambiguous. The phrase "anyone acting on his/her/its behalf' is undefined and could be interpreted to encompass vi1iually any person or entity with any relationship to Defendant. This lack of clarity makes it impossible for Defendant to asce1iain the precise scope of its discovery obligations and to respond with certainty. Defendant objects to this definition to the extent it purports to impose discovery obligations on Defendant regarding information in the possession, custody, or control of third parties, including independent contractors, vendors, or other entities that may have provided services to Defendant but are not within Defendant's control for purposes of discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information subject to the grievance and arbitration procedures established under the CBAs. The CBAs contain comprehensive grievance procedures for resolving disputes concerning wages, hours, and working conditions, which Plaintiff failed to exhaust. Defendant further objects as overbroad to the extent it seeks grievances from facilities in Kentucky and Mississippi, for which Plaintiff has failed to plead any factual basis. Defendant objects to this Interrogatory as vague and ambiguous as to scope and time. To that end, any response shall be limited to the time period relevant to the Named Plaintiff's claims *i.e.* March 3, 2022 to the present. Defendant objects to this Interrogatory as premature and overly burdensome as it was propounded before the parties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will supplement this response after the Court rules on the pending dispositive motions, to the extent such information is relevant to claims that survive dismissal.

**INTERROGATORY NO. 15:**

If YOUR answer to Interrogatory No. 14 is in the affirmative, IDENTIFY the date of each complaint, the identity of the PERSON making the complaint, and the substance of YOUR response or any remedial action taken.

**ANSWER TO INTERROGATORY NO. 15:**

Defendant objects to Plaintiff's definition of "YOUR" to the extent it purports to include Defendant's attorneys and anyone acting on behalf of Defendant's attorneys. This aspect of the definition is overbroad, seeks information protected by the attorney-client privilege and the work product doctrine, and improperly attempts to impose discovery obligations regarding communications and activities undertaken in connection with the defense of this litigation. Defendant's attorneys are not parties to this action, and information known to counsel by virtue of the attorney-client relationship is privileged and not subject to discovery. Defendant further objects to this definition as overbroad and unduly burdensome to the extent that the terms "agents" and "representatives" are undefined and could be construed to include any employee, contractor, vendor, or other third party who has ever had any connection to Defendant's business operations, regardless of whether such persons have knowledge relevant to the claims or defenses in this action. This expansive definition would require Defendant to search for and produce information from an indeterminate and potentially unlimited universe of individuals and entities. Defendant further objects to this definition as vague and ambiguous. The phrase "anyone acting on his/her/its behalf' is undefined and could be interpreted to encompass virtually any person or entity with any relationship to Defendant. This lack of clarity makes it impossible for Defendant to ascertain the precise scope of its discovery obligations and to respond with certainty. Defendant objects to this definition to the extent it purports to impose discovery obligations on Defendant regarding information in the possession, custody, or control of third parties, including independent contractors, vendors, or other entities that may have provided services to Defendant but are not within Defendant's control for purposes of discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information subject to the grievance and arbitration procedures established under the CBAs. The CBAs contain comprehensive grievance procedures for resolving disputes concerning wages, hours, and working conditions, which Plaintiff failed to exhaust. Defendant further objects as overbroad to the extent it seeks grievances from facilities in Kentucky and Mississippi, for which Plaintiff has failed to plead any factual basis. Defendant objects to this Interrogatory as vague and ambiguous as to scope and time. To that end, any response shall be limited to the time period relevant to the Named Plaintiffs claims *i.e.* March 3, 2022 to the present. Defendant objects to this Interrogatory as premature and overly burdensome as it was propounded before the parties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will supplement this response after the Court rules on the pending dispositive motions, to the extent such information is relevant to claims that survive dismissal.

**INTERROGATORY NO. 17:**

LIST each affirmative defense, if any, on which you will rely. State all facts upon which YOU base the denial or affirmative defense

**ANSWER TO INTERROGATORY N0.17:**

Defendant objects to this Interrogatory as premature pending resolution of the Motion to Dismiss. Defendant has not yet filed an Answer to the First Amended Complaint given the pendency of its Motion to Dismiss. Defendant further objects to this Interrogatory to as seeking attorney-client privileged and attorney work product protected materials. Defendant objects to this Interrogatory as premature and overly burdensome as it was propounded before the parties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will supplement this response after the Court rules on the pending dispositive motions, to the extent such information is relevant to claims that survive dismissal.

# EXHIBIT B

EXHIBIT B

Exhibit B: Levi's supplemental responses (July 22, 2026) to Interrogatories 8 and 14 pp 8-12 (Levi's Supplemental Answers to Plaintiff's First Set of Interrogatories, dated July 22, 2026).

**INTERROGATORY NO. 8:**

IDENTIFY the person(s) most knowledgeable regarding the payroll software and configurations used to calculate the regular rate of pay for the Distribution Center Workforce in Nevada, Kentucky, and Mississippi.

**ANSWER TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory as vague and ambiguous as to scope and time. To that end, any response shall be limited to the time period relevant to the Named Plaintiff's claims i.e. March 3, 2022 to the present. Defendant objects to this Interrogatory as overbroad to the extent it seeks information regarding payroll software and configurations at all distribution centers, including those in Kentucky and Mississippi, for which Plaintiff has failed to plead any factual basis. Defendant objects to this Interrogatory as premature and overly burdensome as it was propounded before the parties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will supplement this response after the Court rules on the pending dispositive motions, to the extent such information is relevant to claims that survive dismissal.

**INTERROGATORY NO. 14:**

State whether YOU have received any oral or written complaints, grievances, or reports from any PERSON, including members of the DISTRIBUTION CENTER WORKFORCE or any labor Union, regarding time spent waiting to "swipe in" or uncompensated "pre-shift" time.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 14:**

Subject to and without waiving Defendant's previously asserted objections, Defendant responds as follows: As to Henderson DC, no.