Robert Montes Jr., CA Bar No. 159137
Rafii & Associates, P.C.
9100 Wilshire Blvd., Suite 465E
Beverly Hills, California 90212
Telephone: 310.777.7877
Facsimile: 310.777.7855
Email: robert@rafiilaw.com

Rachel Mariner (*admitted Pro Hac Vice*)
Rafii & Associates, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
Email: rachel@rafiilaw.com

*Attorneys for Plaintiffs*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JERMAINE WHITFIELD, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

LEVI STRAUSS & CO.; and DOES 1 through 50, inclusive,

Defendant.

Case No.: 3:26-cv-01300-RFL

**JOINT DISCOVERY LETTER IN RELATION TO CERTAIN REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF**

**Magistrate Judge Westmore**
**Ronald V. Dellums Federal Building**
**1301 Clay Street, Suite 400 S.**
**Oakland, CA 94612**

**COVER PAGE**

**Pursuant to the STANDING ORDER FOR CIVIL CASES BEFORE MAGISTRATE JUDGE KANDIS A. WESTMORE, Plaintiff's** Counsel attests:

1. The parties met and conferred on May 14 and June 2, 2026, and — following this Court's June 16, 2026 order directing them to confer regarding Levi's overdue discovery — again on July 7 and August 11, 2026.
2. The parties are unable to resolve all disputes through this procedure, and Plaintiff seeks intervention through this joint letter.

Respectfully submitted,

**RAFII & ASSOCIATES, P.C.**
By: /s/ *Rachel Mariner*
Rachel Mariner (*admitted Pro Hac Vice*)
Robert Montes Jr.
*Attorneys for Plaintiffs*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

1120 N. TOWN CENTER DR., SUITE 130
LAS VEGAS, NEVADA 89144
TELEPHONE (725) 245-6056
FACSIMILE (725) 220-1802

Dear Judge Westmore:

**Introduction and Relief Sought**

Plaintiff Jermaine Whitfield ("Mr. Whitfield") respectfully requests an order compelling Defendant Levi Strauss & Co. ("Levi") to produce documents responsive to Requests for Production Nos. 3, 17 and 23 within seven days, for the entire Distribution Center Workforce — the hourly employees at all four Levi distribution centers, not Henderson, Nevada alone — together with a Rule 26(b)(5) privilege log. This letter concerns only some of the document-request disputes and is submitted as a separate letter within the five-page limit under the Court's Standing Order ¶ 14(b). ECF No. 93 at 1 (Order Terminating Discovery Letter).

The parties met and conferred on May 14 and June 2, 2026, and — following this Court's June 16, 2026 order directing them to confer regarding Levi's overdue discovery — again on July 7 and August 11, 2026. (Joint Discovery Dispute Letter at 1; Meet-and-Confer Correspondence) Levi has produced no further documents, and it has committed to no date by which it will. Levi has only agreed to respond to the Requests for Production Nos. 3, 5, 17, and 23 in this letter and a further letter will by necessity follow. Plaintiff has dropped his claim on RFP 5.

**Production as to all four distribution centers is proper now.**

The First Amended Complaint pleads a nationwide FLSA collective of hourly employees at four functionally identical Levi distribution centers, paid under the same formula and the same "dc aip" and attendance bonuses that Levi excluded from the regular rate of pay. ECF No.1 at 4-5 (FAC). On August 3, 2026, the Court granted notice and conditionally certified a nationwide collective of "[a]ll current and former hourly employees of Levi Strauss & Co. who work or worked at Levi Strauss Distribution Centers in the United States" from March 3, 2022 until judgment. ECF No. 101 (Order Granting Motion for Notice to FLSA Collective). That ruling forecloses Levi's sole basis for limiting Requests 3, 17, and 23 to Henderson: relevance under Rule 26(b)(1) is broad, the certified collective is nationwide, and Levi may not withhold the very cross-facility records on which the collective depends. *See Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 158–59 (E.D. Cal. 2022); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537–38 (N.D. Cal. 2007).

**Levi asserts privilege without a log and burden without evidence.**

Levi asserted attorney-client and work-product objections — for example, to audits and compliance assessments sought by Request Nos. 23 — but served no Rule 26(b)(5) privilege log; boilerplate or blanket privilege claims are "presumptively insufficient." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Its objections that Request Nos. 20 and 23 are "not limited in time" and would require reviewing "virtually every document" are unsupported by any declaration, and the remedy for genuine volume concerns is sampling or tailoring, not wholesale refusal. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 503–04 (E.D. Cal. 2012).

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**RFP No. 3**

**ALL DOCUMENTS and data, including raw time data and time sheets, sufficient to show the total number of hours worked and compensated for all NEVADA CLASS MEMBERS and COLLECTIVE MEMBERS during the RELEVANT PERIOD**

**<u>Levi's Position</u>**

Levi maintains its objection to RFP No. 3 notwithstanding ECF No. 101. RFP No. 3 requests, essentially, all raw time data for any collective member, even those who have not yet opted in to the FLSA collective. This request is overbroad and disproportionate. It calls for the production of vast sums of data for thousands of employees who have no stake in this lawsuit at this time. By contrast, the information is not relevant until the applicable employee opts in. Indeed, even in class action cases under FRCP 23 involving issues of certifying an "opt-out" class, courts have limited such requests. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 565 (C.D. Cal. 2007) (limiting discovery of 1,800 putative class members in California Labor Code case based on "sampling."); *McAdams v. Nationstar Mortg. LLC*, No. 20CV2202-L(BLM), 2022 WL 993546, at *5 (S.D. Cal. Apr. 1, 2022) (refusing to compel production because "Plaintiff's discovery request is overbroad, seeks likely irrelevant information, and potentially infringes on the privacy rights of uninvolved individuals".)

In the FLSA context, potential collective members become "parties to a collective action only by filing written consent with the court" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). To the extent a collective member's raw time data is relevant at all to an FLSA action before he or she opts in, that relevance is so minimal as to be substantially outweighed by the burden, expense and privacy considerations of disclosing three years of raw time data. Notably, Plaintiff does not cite to any FLSA cases where courts required production of time records for potential collective members. And whether potential collective members are similarly situated is no longer at issue due to ECF No. 101. The only probative issue would be whether opt-in collective members are similarly situated.

Levi is willing to produce time records for Plaintiff and for any current opt-in employees. And to the extent there are any future opt-in plaintiffs, Levi would provide raw time data for those individuals, regardless of whether they are from Henderson or another facility, once the notice period expires. This approach strikes a sensible balance between Plaintiff's need for relevant information applicable to parties to the case, and judicial economy.

**<u>Plaintiff's Position</u>**

On August 3, 2026, the Court granted notice and conditionally certified a nationwide collective of "[a]ll current and former hourly employees of Levi Strauss & Co. who work or worked at Levi Strauss Distribution Centers in the United States" from March 3, 2022 until judgment. Defendant stated its response to the Interrogatory on March 30, 2026 that it would produce documents after the then-pending motion to dismiss. (Ex. A) It did not. Plaintiff sought the documents and Defendant refused until the motion for notice to the collective was decided. The motion for notice to the collective has been decided. Plaintiff would agree to a statistically significant (to 95%) randomized anonymous

sample of time data, time sheets and pay information but Defendant has not given Plaintiff information on the size of the collective and refuses to produce any time or pay data whatsoever except for Plaintiff's for the reasons set out below. The remedy for genuine volume concerns is sampling or tailoring, not wholesale refusal. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 503–04 (E.D. Cal. 2012).

**RFP Nos. 17 and 23**

**ALL DOCUMENTS and COMMUNICATIONS regarding the purchase, installation, maintenance, or repair of security card readers or "swipe-in" hardware at the facilities identified in the COMPLAINT during the RELEVANT PERIOD**

**ALL DOCUMENTS reflecting any audit, error analysis, discussion of the card readers and the DISTRIBUTION CENTER WORKFORCE waiting time or interaction with the card readers. This includes the contract with the software provider or the machine provider including the service level agreement, third party reviews, internal reviews, email discussions, minutes of meetings or any other document**

**<u>Levi's Position</u>**

RFP Nos. 17 and 23 request all documents related to the purchase, maintenance or any "discussion" of card readers. Levi maintains that these requests are overbroad and disproportionate to the needs of the case. For example, information regarding the purchase of a card reader is of marginal relevance. Requesting all "discussion" of card readers is vastly overbroad and implicates documents with no possible relevance to this, an FLSA case. Levi requests that these RFPs be narrowed on the basis of relevance to the claims and theories at issue in this case (i.e., documents reflecting card readers malfunctioning). Levi intends to serve supplemental responses to RFP Nos. 17 and 23 by **August 31, 2026**.

However, while Levi objects to the scope of RFP Nos. 17 and 23, Levi does not object to RFP Nos. 17 and 23 to the extent that they apply to facilities other than Henderson.

Levi is currently engaging in a reasonably diligent search of its own records for relevant documents that are responsive to this request. To the extent that Levi discovers further documents, Levi will produce them in a supplemental production.

**<u>Plaintiff's Position</u>**

Defendant names no deadline for its new position that they will produce the documents. Plaintiff cannot depose Defendant's sole witness without these documents. That deposition is noticed for September 7, 2026. Accordingly, Plaintiff seeks an Order requiring those documents by August 31, 2026.

**Relief Requested**

Mr. Whitfield respectfully requests an order: (1) compelling production of documents responsive to Requests for Production Nos. 3, 17 and 23 for the entire Distribution Center Workforce at all Distribution Centers, within seven days (as limited in this letter to a statistically significant anonymized and randomly-collected sample); (2) precluding further deferral premised on the now-resolved motions; (3) requiring a Rule 26(b)(5) privilege log identifying each withheld item, the basis for the claim, the authors and recipients, and the subject matter, within six days. Given the September 28, 2026 cutoff and the deposition scheduled September 15, 2026, Mr. Whitfield requests expedited compliance by August 31, 2026. Mr. Whitfield will seek reasonable expenses under Rule 37 separately as required by the Court.

Please find attached:

Exhibit A: Excerpts of Requests for Production Nos. 3, 17 and 23 found in (Levi's Responses to Plaintiff's First Set of Requests for Production, dated March 30, 2026). Levi's provided a supplemental response in June, 2026 to Plaintiff's Requests for Production but no update was provided on the RFPs that are the subject of this letter.

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Respectfully submitted,

DATED: August 25, 2026

**RAFII & ASSOCIATES, P.C.**

By: */s/ Rachel Mariner*
Robert Montes, Jr.
Rachel Mariner (*Pro Hac Vice*)

Attorneys for Plaintiff

**SEYFARTH SHAW LLP**

By: */s/ Ryan McCoy*
Ryan Mccoy
Petersen D. Walrod
Michael Afar

Attorneys for Defendant

# EXHIBIT A

EXHIBIT A

Exhibit A: Excerpts of Requests for Production Nos. 3, 17 and 23 found in (Levi's Responses to Plaintiff's First Set of Requests for Production, dated March 30, 2026). Levi's provided a supplemental response in June, 2026 to Plaintiff's Requests for Production but no update was provided on the RFPs that are the subject of this letter.

**REQUEST FOR PRODUCTION NO. 3:**

**All DOCUMENTS and data, including raw time data and time sheets, sufficient to show the total number of hours worked and compensated for all NEVADA CLASS MEMBERS and COLLECTIVE MEMBERS during the RELEVANT PERIOD.**

**RESPONSE TO REQUEST FOR PRODUCTION NO.3:**

Defendant objects to the phrase "all documents" as it does not identify the documents sought with reasonable particularity. Defendant objects to the phrase "RELEVANT PERIOD" as vague and ambiguous. Defendant further objects to the scope of "RELEVANT PERIOD" as overly broad; to that end, Defendant's response shall be limited to the time period relevant to the Named Plaintiff's claims i.e. March 3, 2022 to the present. Defendant objects to this Request as premature and overly burdensome as it was propounded before the patties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Defendant further objects to this Request as unduly burdensome and disproportionate to the needs of the case, as it seeks voluminous records for thousands of employees across multiple facilities over a multi-year period before class certification has been determined. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents relating to Plaintiff after the Court rules on the pending dispositive motions, to the extent such documents are relevant to claims that survive dismissal.

**REQUEST FOR PRODUCTION NO. 17:**

**All DOCUMENTS and COMMUNICATIONS regarding the purchase, installation, maintenance, or repair of security card readers or "swipe-in" hardware at the facilities identified in the COMPLAINT during the RELEVANT PERIOD.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to the phrase "all documents and communications" as it does not identify the documents sought with reasonable particularity. This request is vague, ambiguous, overly broad, and burdensome as phrased, especially with respect to the term "regarding." Defendant further objects to this request on the grounds that, as phrased, it would require Defendant to identify, locate, obtain, review, analyze, and make subjective legal evaluations concerning the interpretation and relevance of virtually every hard copy and electronic document created, received, or distributed by individuals within Defendant's entire organization over a period of more than four years. The burden of such a request is incommensurate with the extremely limited

benefit, if any, of Plaintiff's overly broad request, and is not relevant to any party's claim or defense. Defendant further objects to this request to the extent it calls for the disclosure of attorney-client privileged information or confidential information pertaining to non-litigants, the disclosure of which would constitute an unwarranted invasion of protected rights to personal privacy and confidentiality. Defendant objects to this request on the grounds and to the extent that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "RELEVANT PERIOD" as vague and ambiguous. Defendant further objects to the scope of "RELEVANT PERIOD" as overly broad; to that end, Defendant's response shall be limited to the time period relevant to the Named Plaintiff's claims i.e. March 3, 2022 to the present. Defendant objects to this Request as overbroad to the extent it seeks documents regarding facilities in Mississippi and Kentucky, for which Plaintiff has failed to plead any factual basis. Defendant objects to this Request as premature and overly burdensome as it was propounded before the parties have resolved pending disputes regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents regarding the Henderson Distribution Center after the Court rules on the pending dispositive motions, to the extent such documents are relevant to claims that survive dismissal.

**REQUEST FOR PRODUCTION NO. 23**

**All DOCUMENTS reflecting any audit, error analysis, discussion of the card readers and the DISTRIBUTION CENTER WORKFORCE waiting time or interaction with the card readers. This includes the contract with the software provider or machine provider including the service level agreement, third party reviews, internal reviews, email discussions, minutes of meetings and any other document.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to the phrase "all documents" as it does not identify the documents sought with reasonable particularity. Defendant objects to this Request as vague and ambiguous as to scope and time. To that end, any response shall be limited to the time period relevant to the Named Plaintiff's claims i.e. March 3, 2022 to the present. Defendant objects to this Request as overbroad, vague, and not proportional to the needs of the case, as it seeks "any other document" without limitation. Defendant objects to this Request as overbroad to the extent it seeks documents regarding facilities in Kentucky and Mississippi, for which Plaintiff has failed to plead any factual basis. Defendant objects to this Request as seeking documents potentially protected by the attorney-client privilege and work product doctrine. Defendant objects to this Request as seeking confidential and proprietary commercial information regarding vendor contracts and service level agreements. Defendant objects to this Request as premature and overly burdensome as it was propounded before the parties have resolved pending disputes

regarding whether this case should proceed at all and the proper scope of the action. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents regarding the Henderson Distribution Center, subject to an appropriate protective order, after the Court rules on the pending dispositive motions, to the extent such documents are relevant to claims that survive dismissal.