United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE WHITFIELD,<br>Plaintiff,<br>v.<br>LEVI STRAUSS & CO,<br>Defendant. | Case No. 26-cv-01300-RFL (KAW)<br><br>**ORDER TERMINATING 8/25/2026 DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 106-109 |

On August 25, 2026, Plaintiff's counsel filed purported "joint" discovery letters regarding Plaintiff's interrogatories and requests for production ("RFPs"). (Dkt. Nos. 106, 107.) The letters did not comply with the Court's Standing Order. For example, the letters were filed 10 business days after the parties' meet and confer, despite the Court's requirement that a discovery letter be filed "within five (5) business days of the lead trial counsels' meet and confer session[.]" (Judge Westmore Civil Standing Order ¶ 14(a).) The discovery letters also failed to include the requirements for the cover page, including an attestation that the parties met and conferred in person or by video conference, an attestation that the parties complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery, and the signature of both parties or counsel. (Judge Westmore Civil Standing Order ¶ 14(a)(i).) It was also apparent that the parties did not adequately meet and confer, as Plaintiff noted that Defendant had not provided a position in response to Plaintiff's "request for a privilege log made in the draft letter provided to them for their input." (Discovery Letter re Interrogatories at 1.) Requests should never be made for the first time in a discovery letter draft.

On August 26, 2026, Defendant's counsel filed a notice that the August 25, 2026 discovery letters were "**not** authorized by counsel . . . and are **not** joint filings." (Def.'s Notice at 2, Dkt. No.

108.) Rather, Defendant's counsel stated that after Plaintiff's counsel had provided draft discovery letters on August 18, 2026, Defendant's counsel responded with its additions indicated in redline on August 21, 2026. (*Id.*) The August 25, 2026 discovery letters filed by Plaintiff's counsel, however, removed portions of Defendant's positions. (*Id.*) Further, Plaintiff's counsel did not send the August 25, 2026 discovery letters to Defendant's counsel for approval, nor did Plaintiff's counsel inform Defendant's counsel that she intended to file the letters at all. (*Id.*)

Shortly thereafter, Plaintiff's counsel filed a "Notice of Errata," which included a declaration by Plaintiff's counsel, Rachel Mariner. (Pl.'s Notice of Errata, Dkt. No. 109.) Therein, Attorney Mariner acknowledged that she had failed to obtain consent from Defendant's counsel before filing the letters. (Mariner Decl. ¶¶ 2, 12.) Attorney Mariner states that Defendant's counsel had proposed limiting the letters to Interrogatory Nos. 8, 9, and 14-17 and RFP Nos. 3, 5, 17, and 23. (Mariner Decl. ¶ 6.) Defendant's counsel then returned its portion of the letters, which addressed all outstanding disputes. (*See* Mariner Del. ¶ 6; Def.'s Notice, Exh. A.) Attorney Mariner proceeded to unilaterally remove Defendant's position as to all disputes other than those specifically identified above. (Mariner Decl. ¶ 8.) Attorney Mariner also removed argument and footnotes addressing the parties' meet and confer conduct. (Mariner Decl. ¶ 8.) Despite these acknowledgments, Attorney Mariner insisted that Plaintiff would not withdraw the August 25, 2026 letters. (Mariner Decl. ¶ 14.) Instead, Attorney Mariner stated she would "attach"[1] Defendant's August 21 redlined versions, apparently with the misguided expectation that the Court would mix and match the various positions in different documents together. (Mariner Decl. ¶ 14.)

This is extraordinarily inappropriate and potentially sanctionable behavior. No party should be filing documents purportedly on behalf of another party without their consent. No party should be filing a "joint" document without sending it to the other party for review and approval. Plaintiff's counsel complains about the upcoming discovery cutoff deadline and the time it has taken to obtain a resolution of its disputes, but the failure by the parties to provide compliant and

[1] Plaintiff did not attach the redlined versions. (*See* Pl.'s Notice of Errata, Exhs. A, B.)

timely letters is not the Court's concern. Moreover, the parties' complaints make it clear that the meet and confer process was inadequate. Indeed, it appears the reason why Defendant's counsel sought to limit the letters to certain interrogatories and RFPs is because Plaintiff's counsel did not raise them until the August 18, 2026 draft letters. (*See* Def.'s Notice, Exh. A, Att. 1 at 3-4.) Plaintiff's counsel is not permitted to simply ignore the meet and confer requirements because there is an upcoming deadline, and the Court will not consider any dispute between the parties that has not been the subject of an adequate meet and confer.

Accordingly, the Court TERMINATES the August 25, 2026 discovery letters. The parties are ORDERED to meet and confer in person within **ten days** of the date of this order. The parties must address every outstanding dispute in that meet and confer (which may require multiple sessions); disputes cannot be raised for the first time in a joint letter. Additionally, as Defendant states it will provide supplemental responses, Defendant is ORDERED to do so within **five days** of the date of this order so that Plaintiff has sufficient time to review all of the responses. If the parties have any outstanding disputes following the meet and confer, the parties shall file joint discovery letters that are fully compliant with the Court's Standing Order. The letters must be reviewed and approved by both parties before filing. If the parties truly require a page extension, the parties may request one.

Again, the Court reiterates that the behavior discussed above is highly problematic. Should such behavior recur, the Court will likely issue an order to show cause why sanctions should not be imposed sua sponte.

This order disposes of Dkt. Nos. 106-109.

IT IS SO ORDERED.

Dated: August 27, 2026

KANDIS A. WESTMORE
United States Magistrate Judge