ANTHONY L. MARTIN (*Pro Hac Vice*)
anthony.martin@ogletree.com
NOEL M. HERNANDEZ, CA Bar No. 310521
noel.hernandez@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Facsimile: 702.369.6888

JENNY J. LIAO, CA Bar No. 337719
jenny.liao@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415.442.4810
Facsimile: 415.442.4870

Former Attorneys for Defendant
LEVI STRAUSS & CO.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JERMAINE WHITFIELD, on behalf of himself and others similarly situated,

Plaintiffs,

v.

LEVI STRAUSS & CO.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:26-cv-01300-RFL

**OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENSE COUNSEL PURSUANT TO 28 U.S.C. § 1927**

Hearing Date: September 29, 2026
Hearing Time: 10:00 am PST
Complaint Filed: 6/2/2025
Trial Date: None Set
Judge: Hon. Rita F. Lin
Courtroom 4 – 17th Floor

Former counsel for Defendant Levi Strauss & Co. ("Defendant" or "Levi"), by and through the undersigned, hereby files their Opposition to Plaintiff Jermaine Whitfield's ("Plaintiff" or "Whitfield") Motion for an Award of Attorneys' Fees and Costs Against Defense Counsel Pursuant to 28 U.S.C. § 1927 (the "Motion") (ECF No. 104).

This Response is made and based on the records, pleadings and papers on file herein, the Memorandum of Points and Authorities in support hereof, and any further argument as the Court may deem appropriate.

DATED: September 4, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Noel M. Hernandez*
ANTHONY L. MARTIN (*Pro Hac Vice*)
NOEL M. HERNANDEZ
JENNY J. LIAO

Former Attorneys for Defendant
LEVI STRAUSS & CO.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's motion for attorneys' fees under 28 U.S.C. § 1927 should be denied in its entirety. Section 1927 is a narrowly construed sanctions statute reserved for extraordinary circumstances, not a vehicle to punish opposing counsel for advancing good-faith legal arguments that ultimately prove unsuccessful. Plaintiff asks this Court to impose personal sanctions on Anthony L. Martin and Noel M. Hernandez for filing a motion for reconsideration on behalf of their then-client, Levi, that raised a legitimate jurisdictional argument. That is not what § 1927 is for.

This is a venue and forum-selection dispute, not a case of improper or bad-faith litigation conduct. Levi's right to seek reconsideration of the transfer order, through defense counsel, was never in question; the only dispute was which court should hear the motion. Plaintiff's own position implicitly confirms that point: Plaintiff contends that defense counsel should have filed the same motion in this Court rather than in the District of Nevada. The disagreement is over forum, not counsel's right to seek reconsideration. Because the same substantive briefing would have occurred regardless of forum, filing in the District of Nevada rather than this Court did not multiply the proceedings; it merely placed the motion before the court that defense counsel reasonably believed had authority to reconsider its own order. That forum-selection disagreement cannot support personal sanctions under § 1927.

Specifically, the motion for reconsideration was predicated on a reasonable legal theory: that the court which issued the transfer order retained inherent authority to reconsider its own interlocutory ruling. While the District of Nevada ultimately concluded otherwise, the argument was not "patently lacking in any basis in either law or fact." *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1155 (9th Cir. 2024). Indeed, the Nevada court itself accepted the filing, permitted full briefing (opposition and reply), and issued a reasoned order addressing the merits of the jurisdictional question - conduct inconsistent with the notion that the motion was facially frivolous.

Plaintiff cannot satisfy § 1927's demanding standard. There is no evidence of subjective bad faith or recklessness. To the contrary, the record demonstrates that defense counsel engaged in thoughtful legal analysis, articulated a reasoned distinction between their situation and the authorities

Plaintiff cited, and made a good-faith professional judgment to pursue the motion. The mere fact that the court disagreed does not transform competent advocacy into sanctionable misconduct.

Moreover, even if the Court were inclined to find sanctionable conduct, which it should not, the fees requested are unreasonable and excessive, and the billing records are inadequate.

## II. **STATEMENT OF FACTS AND PROCEDURAL SUMMARY**

On February 9, 2026, the United States District Court for the District of Nevada granted Plaintiff's motion to transfer this action to the Northern District of California under 28 U.S.C. § 1404(a). (D. Nev. ECF No. 39.) The case file was transmitted on February 11, 2026, and docketed in this Court on February 13, 2026, as Case No. 3:26-cv-01300-RFL. (ECF Nos. 40, 41.) The compressed timeline between the entry of the transfer order (February 9) and the docketing in this District (February 13) gave defense counsel just four (4) calendar days to review a complex order addressing multiple disputed issues – including the proper application of *Harrington v. Cracker Barrel Old Country Store, Inc*., 142 F.4th 678 (9th Cir. 2025), the deference owed to Plaintiff's original forum selection, and the proper scope of an FLSA collective action, and evaluate its legal options before the case landed in the transferee court.

The context in which the motion for reconsideration was filed is critical. At the time of the transfer order, this case had deep and undisputed connections to Nevada. Plaintiff Jermaine Whitfield is a Nevada resident who worked exclusively at the Henderson Distribution Center in Clark County, Nevada and Plaintiff affirmatively pled that venue is proper in Nevada. (*See* Complaint, D. Nev. ECF No. 1-2, ¶¶ 3, 7; First Amended Complaint, D. Nev. ECF No. 31, ¶¶ 3, 5-8, 14, 21.) The operative facts, the alleged pre-shift "waiting time," the off-the-clock work, and the swipe-in processes that form the core of Plaintiff's claims, occurred exclusively at the Henderson Distribution Center. (*See* First Amended Complaint, D. Nev. ECF No. 31, ¶¶ 21, 24-43.) All known fact witnesses, including supervisors, payroll personnel, human resources personnel, and hourly employees, were located in Nevada. (Declaration of Amanda Rivers ("Rivers Decl."), D. Nev. ECF No. 42-1, ¶ 2.) The Henderson Distribution Center maintained its own payroll department, its own timekeeping systems, separate and apart from any other Levi distribution center, and operated under its own collective bargaining agreement, which was not applicable to facilities in Kentucky or Mississippi. (*Id.* ¶¶ 2,

4.) Three of Plaintiff's four causes of action arose under Nevada law. (*See generally* Complaint, D. Nev. ECF No. 1-2; First Amended Complaint, D. Nev. ECF No. 31.) Indeed, it was Plaintiff himself who originally chose Nevada as the proper forum by filing suit in Nevada's Eighth Judicial District Court. (D. Nev. ECF No. 1-2.) These facts provided Levi with an objectively reasonable basis to challenge a transfer order that uprooted this quintessentially Nevada dispute to a court more than 400 miles away.

On February 23, 2026, defense counsel filed a motion to dismiss in this Court on behalf of Levi, as a protective measure to preserve its rights and meet applicable deadlines in the transferred case. (ECF No. 43.) Two days later, on February 25, 2026, within sixteen (16) days of the transfer order and well within the 28-day period prescribed by Federal Rule of Civil Procedure 59(e) – Levi filed a motion for reconsideration in the District Court of Nevada. (D. Nev. ECF No. 42.) The motion was directed solely at the court that issued the transfer order, seeking that court's review of its own prior ruling. Levi did not file a parallel motion in this Court, did not initiate a new or separate proceeding, and did not take any action calculated to delay or multiply the litigation. The motion for reconsideration was a single, focused filing in the same case, addressed to the same judge who had entered the order at issue.

The motion for reconsideration raised substantive legal arguments that were neither frivolous nor unreasonable. Levi argued that (1) the court's application of *Harrington v. Cracker Barrel Old Country Store, Inc*., 142 F.4th 678 (9th Cir. 2025), constituted clear error because *Harrington* does not mandate transfer when alternative remedies exist; (2) the court failed to accord adequate deference to Plaintiff's original forum choice in Nevada; (3) the remaining transfer factors either favored Nevada or were neutral; and (4) Plaintiff created the jurisdictional problem by seeking to expand the FLSA collective into a nationwide action only after Levi's removal to federal court. (D. Nev. ECF No. 42.)

Separately, the motion advanced a reasoned legal theory regarding the court's jurisdiction. Specifically, that a court which enters an interlocutory transfer order retains inherent authority to reconsider that order, and that the jurisdictional principles governing motions for reconsideration of remand orders apply with equal force to transfer order. (D. Nev. ECF No. 45, p. 6:8-26.) Levi

supported this theory with citations to Ninth Circuit district court decisions, including *Manier v. Medtech Products, Inc.,* 29 F. Supp. 3d 1284 (S.D. Cal. 2014) (exercising jurisdiction and addressing a motion to stay pending outcome of an appeal of the remand order); *Perez-Reyes v. National Distribution Centers, LLC,* No. ED-CV-17-2434JGB, 2018 WL 7177183 (C.D. Cal. Feb. 8, 2018) (exercising jurisdiction to review a motion for reconsideration of its remand order); and *Baron v. J.P. Morgan Chase & Co.,* No. 13-cv-04833, 2014 WL 7272229 (N.D. Cal. Dec. 22, 2014) (exercising jurisdiction to decide a motion for reconsideration of its remand order). Accordingly, Levi had the appropriate legal authority to argue that a court that issues an order directing a case to another forum retains the inherent power to reconsider that order.

Far from acting recklessly, counsel – on behalf of Levi - engaged in detailed, good-faith communications with Plaintiff regarding the jurisdictional question. Plaintiff emailed counsel for Levi asserting that the Nevada court lacked jurisdiction. (ECF No. 104-1, p. 8-9.) Levi responded the next day with a substantive legal analysis. (ECF No. 104-1, p. 8.) Plaintiff responded citing to *Wilson v. City of San Jose,* 111 F.3d 688 (9th Cir. 1997). (ECF No. 104-1, p. 7.) In *Wilson,* the defendant sought to file a motion to dismiss, a pleading that, once the transfer was complete, would properly be heard by the transferee court. Levi – through counsel - explained its legal position in detail: first, that courts possess inherent jurisdiction over their own dockets; second, that a motion for reconsideration stands on fundamentally different footing from a motion directed at the merits because it asks the issuing court to revisit its own prior ruling; and third, that *Wilson* was distinguishable because it involved a motion to dismiss (which the transferee court should hear) rather than a motion to reconsider (which asks the issuing court to review its own decision. (*Id.*) This correspondence demonstrates that counsel for Levi conducted independent legal research, identified a reasoned basis for their position, and articulated that position in writing – conduct wholly inconsistent with the recklessness that § 1927 requires.

On March 4, 2026, Plaintiff sent two additional cases, *Database America, Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F. Supp. 1216 (D.N.J. 1993), and *Pendleton v. Armortec, Inc.*, 729 F. Supp. 495 (M.D. La. 1989) and reserved rights under § 1927. (ECF No. 104-1, p. 6.) Levi reviewed those authorities. Notably, both cases were from outside the Ninth Circuit, the Middle

District of Louisiana and the District of New Jersey, and thus had no precedential authority over the District of Nevada. (D. Nev. ECF No. 45 at p. 6:5-7.) Levi and its counsel reasonably concluded that these out-of-circuit authorities did not undermine their position, which was supported by district courts decisions within the Ninth Circuit. There is no evidence that either counsel or Levi ignored these authorities or failed to evaluate them in good faith.

Plaintiff filed an opposition to the motion for reconsideration on March 11, 2026. (D. Nev. ECF No. 43.) Levi filed a reply on March 18, 2026. (D. Nev. ECF No. 45.) The matter was thus fully briefed in the ordinary course and submitted to the court for decision. This orderly progression: motion, opposition, reply, order, is the standard lifecycle of any dispositive or quasi-dispositive motion. It does not constitute "multiplication" of proceedings within the meaning of § 1927; it is the normal and expected briefing process.

On August 13, 2026, the District of Nevada denied the motion for reconsideration. (D. Nev. ECF No. 46.) The court held that it lacked jurisdiction because the case had been docketed in this District before the motion was filed. (*Id.*) Importantly, however, the court also addressed the merits of the motion, observing that even setting jurisdiction aside, the motion did not present newly discovered evidence or an intervening change in controlling law. (*Id.*) The court's decision to engage with both the jurisdictional question and the substantive merits in a three-page reasoned order, rather than summarily striking the filing, confirms that the motion raised questions worthy of judicial engagement. A court does not accept full briefing, issue a scheduling order for responses, and write a multi-page order on a filing so patently frivolous that it warrants personal sanctions against counsel.

On August 21, 2026, Plaintiff filed the instant motion for attorneys' fees under § 1927, seeking $9,325.00 against Levi's then-counsel personally. (ECF No. 104.)

## III. LEGAL STANDARD

Section 1927 provides that any counsel who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of sanctions under § 1927 requires a finding of bad faith." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). An attorney acts in bad faith when they "knowingly or recklessly

raise[ ] a frivolous argument" or argue "a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

A district court may use its "inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). To award attorney's fees against a party under its inherent authority, a court must "make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" *Leon v. IDX Sys. Corp*., 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)); *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025). A party demonstrates bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order" or where it "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus*, 115 F.3d at 649.

## IV. <u>LEGAL ARGUMENT</u>

### A. The Motion for Reconsideration Was Not Frivolous or Baseless

Plaintiff's motion rests on the premise that the jurisdictional question was so "settled" that no reasonable attorney could have believed the Nevada court retained authority to hear the motion for reconsideration. That premise ignores the factual context. At the time the motion was filed, Plaintiff was a Nevada resident, the operative facts arose exclusively at the Henderson Distribution Center in Clark County, Nevada, all known fact witnesses were located in Nevada, the facility maintained its own independent payroll department and timekeeping systems, three of four causes of action arose under Nevada law, and Plaintiff himself had chosen Nevada as the proper forum. (Complaint, D. Nev. ECF No. 1-2, ¶¶ 3, 7; First Amended Complaint, D. Nev. ECF No. 31, ¶¶ 3, 5-8, 14, 21, 24-43; Rivers Decl., ECF No. 42-1, ¶¶ 2, 4.) Against this backdrop, Levi believed that the Nevada court retained inherent authority to reconsider its own interlocutory order, even after the case has been transferred, akin to motions to reconsider orders granting remand, where the case is transferred to another court. In those instances, courts have consistently held that the transferor court retains continuing jurisdiction. *See Manier v. Medtech Prods., Inc*., 29 F. Supp. 3d 1284 (S.D. Cal. 2014); *Perez-Reyes v. Nat'l Distrib. Ctrs.*, LLC, No. ED-CV-17-2434JGB, 2018 WL 7177183, at *2 (C.D. Cal. Feb. 8, 2018); *Baron v. J.P. Morgan Chase & Co.*, No. 13-cv-04833, 2014 WL 7272229,

at *2 (N.D. Cal. Dec. 22, 2014).

While the District of Nevada ultimately rejected this argument, that does not make it sanctionable. Courts routinely entertain novel or contested jurisdictional theories without sanctions. Indeed, the Nevada court itself accepted the filing, permitted full briefing (Plaintiff filed an opposition, Defendant filed a reply), and issued a three-page reasoned order, conduct wholly inconsistent with a motion so patently frivolous that it should never have been filed.

Courts applying this standard decline to impose § 1927 sanctions when a losing filing rests on a supported, good-faith theory. In *Auxocap JC LLC v. Medicine Woman Group, LLC*, No. 8:26-cv-00146-FWS-KES, 2026 WL 1625150 (C.D. Cal. June 3, 2026), the court denied sanctions against counsel whose motion to disqualify was ultimately denied, explaining: "Although Defendants' theories of conflicts failed here, the court does not find that the Motion to Disqualify lacked an objectively reasonable basis because Defendants provide factual support for their theories, legal authorities, and there was some factual overlap between this case and [the prior] representation." *Auxocap JC LLC*, 2026 WL 1625150, at *12. The parallel is direct: defense counsel here likewise provided factual support for the inherent-jurisdiction theory, legal authorities, including research distinguishing this case from *Wilson*, and a factual and legal overlap supporting the theory. *Cortes v. Mass. Electric Construction Co.*, No. 25-cv-03498-JSC, 2026 WL 1847674 (N.D. Cal. June 26, 2026), reinforces the point: even where a plaintiff conceded certain claims were meritless, the court denied sanctions because the defendant "has not shown Plaintiff acted in bad faith" and failed to show the position was "obviously meritless." *Cortes*, 2026 WL 1847674, at *3. The court emphasized that § 1927 requires a showing that the party "knowingly or recklessly raises a frivolous argument"; mere failure to concede an issue does not establish bad faith. *Id.; see also Jasmine Gentle, v. Richland Holdings, Inc.,* No. 8:26-CV-00293-KES, 2026 WL 2494856, at *4 (C.D. Cal. Aug. 24, 2026); *Crossfirst Bank v. Vieste Spe LLC*, No. CV-18-01637-PHX-DLR, 2026 U.S. Dist. LEXIS 121279, at *8 (D. Ariz. June 2, 2026) (holding that the claims Plaintiffs brought, although ultimately unsuccessful, were not so lacking in legal or factual foundation as to permit inference that counsel pursued them for purposes of unreasonably and vexatiously multiplying court proceedings rather than to vindicate their clients' asserted rights.)

Moreover, the motion for reconsideration was filed just sixteen days after the transfer order and just twelve days after the case was docketed in this Court, during a period when the jurisdictional boundaries between the transferor and transferee courts were still being established. The motion also raised substantive arguments about the merits of the transfer decision itself, specifically, that the transfer order committed clear error in applying *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025), and failed to accord adequate deference to plaintiff's forum choice. While the court disagreed, these arguments were not patently lacking in any basis in either law or fact.

**B. Defense Counsel Did Not Act with Subjective Bad Faith or Recklessness**

Even assuming *arguendo* that the jurisdictional argument lacked merit, Plaintiff has not, and cannot, demonstrate the subjective bad faith or recklessness required for § 1927 sanctions. The record affirmatively demonstrates deliberate, informed good faith, not the hallmarks of reckless conduct.

First, the factual record negates any inference of recklessness. Defense counsel had just four calendar days between entry of the transfer order and docketing to evaluate the decision. Within sixteen days, counsel filed a motion supported by four distinct substantive arguments and a jurisdictional theory grounded in three Ninth Circuit district court decisions - *Manier v. Medtech Products, Inc.*, 29 F. Supp. 3d 1284 (S.D. Cal. 2014); *Perez-Reyes v. National Distribution Centers, LLC*, No. ED-CV-17-2434JGB, 2018 WL 7177183 (C.D. Cal. Feb. 8, 2018); and *Baron v. J.P. Morgan Chase & Co.*, No. 13-cv-04833, 2014 WL 7272229 (N.D. Cal. Dec. 22, 2014). (D. Nev. ECF No. 45 at 5-6.) When Plaintiff's counsel sought to meet and confer, defense counsel responded within hours with a written legal analysis drawing a specific distinction between *Wilson v. City of San Jose* and the present case, and explaining why a motion to reconsider, which asks the issuing court to revisit its own ruling, stands on different footing from a motion directed at the merits. When Plaintiff's counsel subsequently sent two out-of-circuit cases, counsel reviewed those authorities and reasonably concluded that cases from the District of New Jersey and the Middle District of Louisiana had no precedential authority in the Ninth Circuit. This is not the conduct of counsel acting recklessly or in bad faith; it is the conduct of counsel having researched the issue, identified supporting authority, engaged with opposing authority, and reached a reasonable conclusion.

Second, simply declining to withdraw a filing after receiving an adversary's request to do so does not establish bad faith. Attorneys routinely disagree about legal issues, and the resolution of such disputes is for the court, not opposing counsel, to decide. If declining to withdraw a motion upon an adversary's demand were sufficient to establish bad faith, § 1927 would effectively allow one party to dictate the other's litigation strategy through threat of sanctions. That is not the law. *CFO Rick Inc. v. Michael Young*, 2026 WL 2469965 (N.D. Cal. Aug. 23, 2026), is directly on point. There, the moving party gave opposing counsel a written demand to withdraw claims, identified specific legal defects, expressly cited § 1927, and set a deadline for withdrawal. *CFO Rick Inc.*, 2026 WL 2469965, at *5. Despite all of that, the court denied sanctions, finding that the opposing party "had a fair reason" for maintaining its position and that declining to withdraw was "not so unreasonable as to constitute bad faith." *Id.* at *5-6. The parallel here is striking: Plaintiff's counsel similarly demanded withdrawal, cited § 1927, and set expectations, but defense counsel had a fair reason to maintain its position. Similarly, in *Gentle v. Richland Holdings, Inc.*, No. 8:26-cv-00293-KES, 2026 WL 2494856 (C.D. Cal. Aug. 24, 2026), counsel was warned in writing before the motion to dismiss was filed that the court lacked personal jurisdiction, was told the theory was "foreclosed by binding Supreme Court precedent," and nevertheless litigated the issue. *Gentle*, 2026 WL 2494856 at * 4. The court still denied § 1927 fees, explaining that the attorney's "decision to litigate the Complaint in this Court on a sincerely held but erroneous theory of specific personal jurisdiction is not the type of knowing, reckless, or harassing conduct for which relief can be granted under § 1927." *Id.* A sincerely held theory about transferor-court jurisdiction is likewise the type of good-faith advocacy that § 1927 does not punish.

Third, there is no evidence of an improper motive. Plaintiff does not contend, nor could Plaintiff contend, that defense counsel filed the motion for reconsideration to harass Plaintiff, to cause unnecessary delay, or to increase litigation costs for their own sake. Rather, the motion was filed to preserve a good-faith challenge to a transfer order that the defense believed was wrongly decided.

Fourth, Levi's decision to maintain the motion was reinforced by the substantive strength of the underlying transfer challenge. The undisputed record showed that the plaintiff resided and

worked in Nevada, that all operative facts occurred at the Henderson Distribution Center in Nevada, that all known witnesses were in Nevada, that the Henderson facility operated independently from any other Levi distribution center with its own payroll and timekeeping systems, and that three of four claims arose under Nevada law. Defense counsel had every reason to believe that the transfer order was wrongly decided on the merits, and § 1927 does not punish counsel for pressing a meritorious substantive argument in a forum they sincerely believed retained jurisdiction to hear it. *See CFO Rick*, 2026 WL 2469965, at *5 (refusing to sanction counsel who had "a fair reason" for maintaining their position).

Other decisions reinforce that both components, multiplication of proceedings and subjective bad faith, must be shown. *Lake v. Gates,* 130 F.4th 1064, 1070 (9th Cir. 2025) *(quoting Blixseth v. Yellowstone Mountain Club, LLC,* 796 F.3d 1004, 1007 (9th Cir. 2015). Plaintiff has shown neither. Defense counsel filed a single, focused motion for reconsideration in the same court that issued the order, because they believed it had merit, not to harass Plaintiff, but to preserve a challenge to the transfer order rather than impose needless costs. Likewise, *Lohbeck v. Amazon.com Services, LLC*, No. 2:26-cv-02007-DC-CSK, 2026 WL 2455257 (E.D. Cal. Aug. 21, 2026), recommended denying § 1927 sanctions and emphasized that filing procedurally proper motions, there, a second motion to dismiss after an amended complaint, is not sanctionable, even when the motions revisit similar arguments. *Lohbeck*, 2026 WL 2455257 at *4-5. The court confirmed that § 1927 "must be supported by a finding of subjective bad faith," *Id., citing Lake*, 130 F.4th at 1070. Defense counsel's motion for reconsideration was likewise procedurally proper and timely filed.

Fifth, Plaintiff has not established that defense counsel "multiplied the proceedings" within the meaning of § 1927. The statute requires that counsel's conduct multiply the proceedings "unreasonably and vexatiously," and both elements must be satisfied. 28 U.S.C. § 1927. The motion for reconsideration was a single filing in the same case, directed at the same judge who entered the transfer order. Defense counsel did not initiate a new action, did not file a parallel motion in this Court, and did not take any action calculated to generate duplicative litigation. The ordinary briefing that followed: opposition, reply, order, is the standard lifecycle of a contested motion, not "multiplication" of proceedings. *See Lohbeck*, 2026 WL 2455257, at *5 (E.D. Cal. Aug. 21, 2026)

(recommending denial of § 1927 sanctions where party filed procedurally proper motions that revisited similar arguments).

The bar for § 1927 sanctions is intentionally high to avoid chilling vigorous advocacy. "Attorneys must be free to raise novel or contested legal arguments without fear of personal sanctions." *Pacific Harbor Capital*, 210 F.3d at 1118. That is precisely what occurred here.

**C. Plaintiff's Billing Records Are Defective**

1. Plaintiff's Fees Do Not Stem From Unreasonable or Vexatious Multiplication of Proceedings as Required by 28 USC § 1927

As a threshold matter, Plaintiff's fee request fails because the fees sought are not "excess" fees "reasonably incurred because of" the allegedly sanctionable conduct. 28 U.S.C. § 1927. Plaintiff's core complaint is not that the motion for reconsideration was frivolous on the merits, it is that the motion was filed in the wrong court. Plaintiff contends that defense counsel should have filed the motion in this Court rather than in the District of Nevada. But if that is the gravamen of the alleged misconduct, then Plaintiff would have incurred the very same fees opposing the motion for reconsideration regardless of which court it was filed in. Had defense counsel filed the identical motion in this District, as Plaintiff's counsel demanded, Plaintiff would still have been required to research the jurisdictional and substantive issues, draft an opposition, and brief the matter. The fees Plaintiff seeks are not "excess" costs generated by filing in the wrong forum; they are the ordinary costs of opposing a contested motion that Plaintiff would have faced in any event. Section 1927 does not permit recovery of fees that would have been incurred regardless of the sanctionable conduct, it is limited to the excess caused by the misconduct. Because Plaintiff cannot identify any fees that were caused by the forum selection rather than by the substance of the motion itself, the fee request fails at the causation threshold.

2. The Billing Records Contain Block Billing and are Hopelessly Vague

Where billing records are inadequate, the district court may reduce the award accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Vague time entries should be excluded from fee awards because they do not allow the court to determine how much time was spent on particular claims and whether hours were reasonably expended. *See Ravet v. Stern*, 2010 WL 3076290, at *7

(S.D. Cal. 2010) (excluding all vague entries from fee award).

Plaintiff's billing records group tasks into undifferentiated blocks, *e.g.*, "Opposition to Motion for Reconsideration; correspondence with opposing counsel" as a single 7.0 hour entry. (ECF No. 104-1, ¶ 12.) Block billing makes it "difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Block billing can artificially inflate fees by 10 to 30%. *See id.* (citing The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03–01 (2003)). Courts have the "authority to reduce hours that are billed in block format." *Id.*; *see also Booner v. Fujiu Photo Film*, 2008 WL 410260, at *3-4 (N.D. Cal. 2008). The legal assistant's billed hours are similarly unexplained and the declaration does not specify what tasks M. Johnson performed. (ECF No. 104-1, ¶ 12.) The Court should not award any fees for vague time entries because it is impossible to tell whether the time spent on the tasks was reasonable.

## IV. <u>CONCLUSION</u>

For each of the foregoing reasons, the Court should deny Plaintiff's Motion in its entirety.

DATED: September 4, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Noel M. Hernandez*
ANTHONY L. MARTIN (*Pro Hac Vice*)
NOEL M. HERNANDEZ
JENNY J. LIAO

Former Attorneys for Defendant
LEVI STRAUSS & CO.

**PROOF OF SERVICE**
*Jermaine Whitfield v. Levi Strauss & Co., et al.*
USDC-Northern District Case No. 3:26-cv-01300-RFL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Clark in the office of a member of the bar of this court at whose direction the service was made. My business address is 10801 W. Charleston Blvd., Suite 500, Las Vegas, NV 89135.

On September 4, 2026, I served the following document(s):

**OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENSE COUNSEL PURSUANT TO 28 U.S.C. § 1927**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 4, 2026, at Las Vegas, NV.

*/s/ Vincent M. Risucci*
Signature

**SERVICE LIST**

Rachel Mariner
Jason Kuller
RAFII & ASSOCIATES, P.C.
1120 North Town Center Dr., Suite 130
Las Vegas, NV 89144

Attorneys for Plaintiff

Robert Montes, CA Bar No. 159137
RAFII & ASSOCIATES, P.C.
9100 Wilshire Blvd, Ste 465e
Beverly Hills, CA 90212

/ / /

Ryan McCoy
Michael Afar
Petersen D. Walrod
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105

Attorneys for Defendant