United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAINE WHITFIELD,

Plaintiff,

v.

LEVI STRAUSS & CO,

Defendant.

Case No. 26-cv-01300-RFL (KAW)

**ORDER REGARDING 9/14/2026 DISCOVERY LETTERS**

Re: Dkt. Nos. 120-122

[Discovery Letter Nos. 1-3]

Plaintiff Jermaine Whitfield filed this case against Defendant Levi Strauss & Co., asserting various wage and hour claims under Nevada state law and the Fair Labor Standards Act ("FLSA"). (*See* Dismissal Order, Dkt. No. 70.) On August 3, 2026, the presiding judge conditionally certified a nationwide FLSA collective across all four distribution centers. (*See* Dkt. No. 101.) On September 14, 2026, the parties filed three discovery letters concerning: (1) Plaintiff's interrogatories, (2) Plaintiff's requests for production ("RFPs"), and (3) Plaintiff's requested depositions. (Discovery Letter re Interrogatories, Dkt. No. 120; Discovery Letter re RFPs, Dkt. No. 121; Discovery Letter re Depositions, Dkt. No. 122.)

**A. Interrogatories**

**i. Interrogatory Nos. 4-6**

Interrogatory Nos. 4-6 seek information regarding the "DC AIP bonus," "Retro Pay," and "Attendance Bonus" or "Performance Bonus," including the specific criteria for eligibility, the frequency of payment, and whether those payments were included in the regular rate calculation for overtime purposes. (Discovery Letter re Interrogatories at 3.) In response, Defendant pointed

United States District Court
Northern District of California

to the collective bargaining agreements ("CBAs").[1] (*Id.*)

Plaintiff argues that this is insufficient, and the Court agrees. Plaintiff points out that the CBA does not discuss whether the AIP, retro pay, or attendance bonus were included in the regular rate, and that the CBA is not evidence of what Defendant actually did in practice. (Discovery Letter re Interrogatories at 3-4.) Further, Plaintiff contends that the CBA does not address each of the four distribution centers in the collective, particularly when Defendant's own declarant states that at least one of the distribution centers was non-union with no CBA and that there was "no single common policy governing timekeeping, pay, or pre-shift procedures across" the network. (*Id.* at 4.)

Defendant does not respond to any of these points. Instead, Defendant asserts that it will provide supplemental responses to Interrogatory Nos. 4 and 6, but that it intends to still use a Rule 33(d) response to Interrogatory No. 4. (Discovery Letter re Interrogatories at 3.)

Accordingly, the Court ORDERS Defendant to fully respond to Interrogatory Nos. 4, 5, and 6 within **14 days** of the date of this order. Defendant's responses may not simply rely on the CBA; it must respond to the Interrogatories in full, including addressing any different practices for each distribution center. To the extent Defendant relies in part on the CBA, Defendant must identify the specific pages upon which it relies.

**ii. Interrogatory No. 9**

Interrogatory No. 9 seeks the date of discharge and the date on which all earned and unpaid wages were fully remitted as to each member of the Nevada Class who was discharged from employment. (Discovery Letter re Interrogatories at 4.) In response, Defendant states it will produce a spreadsheet that contains the requested data. (*Id.*)

Plaintiff raises doubts as to whether the spreadsheet will fully answer the interrogatory. Moreover, it is unclear why Defendant has not already produced this spreadsheet to Plaintiff. As the Court cannot determine whether the spreadsheet is sufficient (as it has not been produced), the

---

[1] Confusingly, Defendant asserts that it provided a narrative response to Interrogatory No. 5 that did not rely on Rule 33(d), but the attached response shows a number of objections before Defendant states: "Pursuant to Rule 33(d), please see the [CBAs] previously produced as LEVI000490-752." (Discovery Letter, Exh. A at 11.)

United States District Court
Northern District of California

Court ORDERS Defendant to fully respond to Interrogatory No. 9 within **five days** of the date of this order. If the spreadsheet provides all of the requested information, this would appear sufficient. If it does not, it will not be sufficient for Defendant to only provide the spreadsheet.

**iii. Interrogatory Nos. 14 and 15**

Interrogatory No. 14 asks whether Defendant received complaints, grievances, or reports regarding time waiting to "swipe in" or uncompensated "pre-shift time," while Interrogatory No. 15 asks for information regarding the date, complainant, and Defendant's response to the complaint. (Discovery Letter re Interrogatories at 5.) Defendant stated that it did not. (*Id.*)

Plaintiff expresses doubt over this response, and demands the search parameters underlying the response. (Discovery Letter re Interrogatories at 5.) Plaintiff, however, provides no basis for the Court to question Defendant's response. Accordingly, no further response is required.

**iv. Interrogatory No. 17**

Interrogatory No. 17 asks that Defendant identify each affirmative defense it will rely on, and all of the facts upon which Defendant bases its denial or affirmative defense. (Discovery Letter re Interrogatories at 6.)

It is wholly unclear what the dispute is. Plaintiff states that as a compromise, it will accept a verified answer listing each affirmative defense upon which Defendant will rely. (Discovery Letter re Interrogatories at 7.) Defendant, in turn, states that it will provide a verified answer listing each affirmative defense upon which it will rely. Thus, it appears Defendant is offering what Plaintiff is demanding, such that this dispute is a waste of the Court's time.

Because there is no dispute, the Court ORDERS Defendant to provide a verified answer listing each affirmative defense it will rely on within **seven days** of the date of this order.

**B. RFPs**

**i. RFP No. 3**

RFP No. 3 seeks information regarding the total number of hours worked and compensated for all Nevada class members and collective members. (Discovery Letter re RFPs at 3.)

Defendant argues that the request is overbroad and disproportionate because it seeks

information regarding thousands of employees, including those who have not yet opted in to the FLSA collective. (Discovery Letter re RFPs at 3.) Defendant states that it is willing to produce time records for Plaintiff and any current and future opt-in employees, but that it should only be required to produce an anonymized, random sampling of 20% of time records for the Nevada class members. (*Id.* at 3-4.)

In response, Plaintiff points to authority that discovery of the identities of all potential collective members is appropriate after a court permits notice to the collective. (Discovery Letter re RFPs at 4.) Here, however, Plaintiff seeks more than just the identities of the potential collective members; Plaintiff seeks raw time data for them as well. Plaintiff cites no authority in which a court has permitted discovery of all payroll data for a collective, regardless of whether they have opted in. Rather, it appears courts have been disinclined to allow discovery of "detailed payroll and timekeeping data for an expansive set of *potential* opt-ins, which is all but guaranteed to be a significantly larger set of individuals than the group of actual opt-ins." *Harpel v. NSG Glass N. Am., Inc.*, No. 3:24 CV 1370, 2026 U.S. Dist. LEXIS 49849, at *12 (N.D. Ohio Mar. 11, 2026). Likewise, parties generally seem to do discovery of payroll and timekeeping records for the opt-in plaintiffs. *See Alvarez v. 9021PHO Fashion Square LLC*, No. CV 15-03657 SJO (VBKx), 2016 U.S. Dist. LEXIS 204730, at *4 (C.D. Cal. Jan. 19, 2016); *Fetrow-Fix v. Harrah's Entm't, Inc.*, No. 2:10-cv-00560-RLH-PAL, 2011 U.S. Dist. LEXIS 150116, at *11 (D. Nev. Dec. 29, 2011). Thus, discovery as to the FLSA collective should be limited to the opt-in plaintiffs.

A different conclusion, however, applies to the putative class action. Courts -- including a case cited by Defendant -- have permitted discovery of time and wage records for an entire putative class. *See Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, No. 1:15-cv-01489-AWI-BAM, 2018 U.S. Dist. LEXIS 80975, at *9-10 (E.D. Cal. May 14, 2018) (allowing class-wide discovery of work schedules and payroll records prior to certification); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560, 562 (C.D. Cal. 2007) (allowing discovery pertaining to the putative class's hours and wages); *Chavez v. Petrissans*, No. 08 cv 00122 LJO GSA, 2008 U.S. Dist. LEXIS 111596, at *6, 9-10 (E.D. Cal. Sep. 5, 2008) (same).

Accordingly, the Court ORDERS Defendant to produce the requested data as to all opt-in

Plaintiffs and the entire putative class within **14 days** of the date of this order. Defendant shall also produce the requested data as to any individual who opts in within the notice period within **five days** of receiving notice of the opt in.

**ii. RFP Nos. 17 and 23**

RFP No. 17 seeks all documents and communications regarding the purchase, installation, maintenance, or repair of security card readers or swipe in hardware at the distribution centers. (Discovery Letter re RFPs at 5.) RFP No. 23 seeks all documents reflecting any audit, error analysis, discussion of the card readers, and the workforce's interaction with the card readers, including contractors with the software or machine provider. (*Id.* at 7.) Defendant states it has no responsive documents, subject to its qualifications. (*Id.* at 5, 7.) Plaintiff again has doubts, and demands information about the parameters of Defendant's search. (*Id.* at 6, 7.)

It is unclear how Defendant limited its search or why any such limits are appropriate. In short, to the extent Defendant has narrowed RFP No. 17 and 23, it has failed to justify its decision to do so. Accordingly, the Court ORDERS Defendant to produce responsive documents to RFP Nos. 17 and 23 <u>as written</u> within **14 days** of the date of this order; Defendant may not impose any arbitrary limitations or qualifications on its search.

**C. Depositions**

**i. Christine Houk and Lisa Weaver**

Plaintiff seeks remote depositions of Christine Houk and Lisa Weaver. (Discovery Letter re Depositions at 3.) Defendant objects on several grounds, including that there has been no stipulation or court order allowing remote depositions, that Ms. Houk does not have any relevant information, and that Defendant's PMK witness will be covering the same information sought from Ms. Weaver. (*Id.* at 3-4.)

More substantively, Defendant points out that Plaintiff has not established that either Ms. Houk or Ms. Weaver are managing agents, officers, or directors of Defendant. (Discovery Letter re Depositions at 4.) "Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 516 (D. Idaho 2013). Thus, "[i]f the party seeking the deposition wishes to depose a specific employee of the

United States District Court
Northern District of California

corporation, it may identify a specific officer, director, or managing agent to be deposed and notice that person under Federal Rule of Civil Procedure 30(b)(1). However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice," and must instead be subpoenaed. *Id.* The party seeking discovery has the burden of showing an individual is a managing agent. *Id.* at 517.

Here, Plaintiff does not address the issue of whether Ms. Houk or Ms. Weaver are managing agents, officers, or directors. Rather, Plaintiff only points to the fact that Ms. Weaver submitted a sworn declaration in support of Levi's opposition to Plaintiff's motion, and that Ms. Houk is a Payroll Manager. The fact that Ms. Houk "has the word 'manager' in her title is not enough to establish that she is a managing agent." *Finley v. Count of Martin*, No. C-07-5922 EMC, 2009 U.S. Dist. LEXIS 98507, at *5 (N.D. Cal. Oct. 13, 2009). Rather, to qualify as a managing agent, "the individual should possess general powers to exercise judgment and direction in corporate matters," "should be a person who can be relied on to give testimony, at the employer's request," and "should be a person who can be expected to identify with the interests of the corporation." *Id.* (internal quotation omitted). Thus, absent a sufficient showing, Plaintiff cannot depose Ms. Houk or Ms. Weaver based on a notice of deposition; Plaintiff must subpoena these individuals.

**ii. 30(b)(6) Deponent**

The parties have two disputes regarding the 30(b)(6) deponents. First, the parties dispute when the depositions should be scheduled. Plaintiff asserts that the deposition must be completed before the close of fact discovery on September 28, 2026, whereas Defendant proposes extending the fact discovery deadline to allow time for the deposition. (Discovery Letter re Depositions at 5-6.) That said, the parties have since filed a stipulation to extend the deadlines in this case, including the close of fact discovery, which has been granted. (Dkt. Nos. 123, 124.) Accordingly, the Court ORDERS Defendant to produce its 30(b)(6) deponents within **three weeks** of the date of this order. The parties should meet and confer as to whether they wish to proceed by Zoom; if the parties cannot agree, the deposition shall be in-person.

Second, the parties dispute the length of the deposition. Defendant intends to designate

United States District Court
Northern District of California

two 30(b)(6) deponents, and proposes permitting each deponent to testify for four hours. (Discovery Letter re Depositions at 6.) Plaintiff asserts that it should be five hours. (*Id.* at 7.)

Neither party justifies their proposed limitation. Nor is it clear why the parties could not have come to a reasonable compromise, given the difference of two hours. Accordingly, the Court splits the difference and will allow each 30(b)(6) deponent to testify for **4.5 hours**.

This order disposes of Dkt. Nos. 120-122.

IT IS SO ORDERED.

Dated: September 25, 2026

KANDIS A. WESTMORE
United States Magistrate Judge